Schleuter v. Canatsy et al.

---

SCHLEUTER v. CANATSY ET AL.

[No. 18,150.　Filed October 5, 1897.]

SPECIAL FINDINGS.— Habeas Corpus.— Statute Construed.—Section 560, Burns' R. S. 1894 (551, R. S. 1881), providing that the court shall, at the request of either party, make a special finding of the facts and state the conclusions of law thereon, does not apply to habeas corpus proceedings. p, 385.

HABEAS CORPUS.—Motion to Quash.—Practice.—Overruling a motion to quash a writ of habeas corpus tests the sufficiency of the application for such writ. p. 385.

PARENT AND CHILD.—Custody of Child.—In a controversy for the custody of a child, whether between the father and mother, or between them, or either of them and third persons, the welfare of the child is paramount to the claims of either parent, and the order of court should in all such cases be made with regard alone to the best interests of the child. p. 388.

HABEAS CORPUS.—Motion to Quash.—The motion to quash a writ of habeas corpus admits the truth of the allegations in the writ the same as does a demurrer to a pleading. p. 388.

Schleuter *v.* Canatsy *et al.*

From the Marion Circuit Court. *Affirmed.*

*Elmer E. Stevenson,* for appellant.

*G. W. Stubbs* and *C. E. Averill,* for appellees.

MONKS, J.—This was a *habeas corpus* proceeding brought by appellee to obtain the custody of a child under four years of age, from appellant, the father of such child. The proceedings resulted in a judgment awarding the custody of the child to appellee.

Appellant has assigned errors: *First,* the court erred in overruling his motion to quash the writ of *habeas corpus; second,* the court erred in overruling his motion for a new trial; *third,* the court erred in its conclusions of law.

We cannot determine the question presented by the second assignment of error, for the reason that the same depends upon the evidence which is not in the record. Besides, such assignment of error is waived by the failure of appellant to argue the same in his brief. The third error presents no question, for the reason that the court did not make a special finding and state conclusions of law thereon, under the code. Moreover, section 560, Burns' R. S. 1894 (551, R. S. 1881), providing that the court shall, at the request of either party, make a special finding of the facts and state the conclusions of law thereon, does not apply to *habeas corpus* proceedings. *McGlennan* v. *Margowski,* 90 Ind. 150, 154; *Garner* v. *Gordon,* 41 Ind. 92; section 1132, Burns' R. S. 1894 (1118, R. S. 1881).

The trial court overruled appellant's motion to quash the writ of *habeas corpus.* Such motion tests the sufficiency of the application for the writ. *Willis* v. *Bayles,* 105 Ind. 363, 364; *Milligan* v. *State, ex rel.,* 97 Ind. 355; *McGlennan* v. *Margowski, supra,* p. 153.

It is alleged in the application "that appellees are husband and wife, living together and residing in the city of Indianapolis; that appellant was the husband of Flora E. Schleuter, who was a sister of the appellee, Mary Canatsy; that said Flora died November 27, 1892, leaving an infant daughter, aged, on said date, one day, to whom was given the name of Flora E. J. Schleuter; that after the birth of said child, and at a time when said Flora E. Schleuter knew that she had but a few hours to live, the said Flora E. Schleuter and appellant, her husband, gave said child to appellees to rear and care for as their own; that appellees then and there accepted said trust, and promised and agreed with the mother, said Flora E. Schleuter, and appellant, father of said child, that they would faithfully care for and rear said infant, in all respects as if she were their own child, and that they, from the 27th day of November, 1892, have faithfully discharged their duties towards said child in all respects as if she had been their own, and have become greatly attached to said child, and love it as if it were their own, and said child has become greatly attached to appellees and loves them as her parents; that from that day until the 4th day of October, 1896, appellees have maintained, clothed and cared for said child in health and in sickness, wholly without aid or assistance from appellant, during which time appellant wholly abandoned the care, custody and keeping of said child to appellees; that appellees are ready, able and willing to adopt said child as their heir, according to the laws of the State of Indiana, and desire so to do; that on October 4, 1896, appellant forcibly seized the person and body of said child, Flora E. J. Schleuter, without the knowledge or consent of appellees, and now forcibly restrains her of her liberty and deprives appellees of the possession of said child by forcibly confining

her in his, said appellant's, dwelling house in the city of Indianapolis; that said appellant is not a fit person to have the care and custody of said child; that he is a person of immoral character; that since the death of his wife, Flora E. Schleuter, he has associated and consorted with prostitutes and persons of bad repute for chastity and virtue, for some of which he has been arrested, and on pleas of guilty has been fined in the police court of Indianapolis; that the surroundings and companionship to which said child will be subjected will not be, and are not such as will be conducive to the welfare and best interest of said child, in this, to-wit: that said appellant has taken said child to his home in said city of Indianapolis, and has placed her in charge and care of his present wife, Mary Schleuter; that the care and training of said child will devolve upon said Mary Schleuter, who is not a fit or proper person to have the care and training of said child; that she is a person of immoral character; that in the latter part of August, prior to her marriage to appellant, she associated with persons of bad moral character and of bad repute for chastity and virtue; that on July 31, 1894, she was found and arrested by a member of the police force in a house of ill fame in the city of Indianapolis, and incarcerated in the police station, and there slated on a charge of being a prostitute under an assumed name of Minnie Scott, and on the next day she was arraigned under said assumed name in the police court of said city and entered a plea of guilty to the charge of being a prostitute, and was then and there adjudged to pay a fine and cost by said court; that said appellant was prior to and at the time of his marriage with said Mary Schleuter, his present wife, fully cognizant of said facts above recited, and well knew that said Mary Schleuter was a lewd and immoral woman."

Appellant insists that the allegations of the application were not sufficient to entitle appellees to a writ of *habeas corpus*, for the reason that it is "the statutory and common law right of the father to have the custody of his child," and that the court therefore erred in overruling his motion to quash such writ.

Section 2682, Burns' R. S. 1894 (2518, R. S. 1881), provides that the guardian of an infant shall have the custody and tuition of such minor and the management of the minor's estate, "Provided, that the father of such minor (or if there be no father, the mother, if suitable persons respectively) shall have the custody of the person and the control of the education of such minor." In a general sense a father is entitled to the custody of his minor child; this is not on account of any absolute right of the father to such custody, but because the law presumes that it is to the interest of such child to be under the care of its natural protector for maintenance and education. In a controversy for the custody of a child, whether between the father and mother, or between them or either of them and third persons, the welfare of the child is paramount to the claims of either parent, and the order of the court should in all such cases be made with regard alone to the best interests of the child. *Jones* v. *Darnall,* 103 Ind. 569, 572, 574, and cases cited, 53 Am. Rep. 545; *Joab* v. *Sheets,* 99 Ind. 328; *Bryan* v. *Lyon,* 104 Ind. 227, 54 Am. Rep. 309; *McGlennan* v. *Margowski, supra,* p. 156; *Hussey* v. *Whiting,* 145 Ind. 580, 582 and cases cited.

In determining whether the court erred in overruling appellant's motion to quash the writ of *habeas corpus,* the allegations of the application are admitted to be true, the same as in case of a demurrer to a pleading. Taking said allegations to be true, the court properly granted the writ of *habeas corpus.*

On the hearing of said cause it was the duty of the court to make such order concerning the custody and control of said child as its best interests demanded.

The court did not err, therefore, in overruling appellant's motion to quash the writ of *habeas corpus.*

Finding no available error, the judgment is affirmed.