BROWN *v.* BEACHLER

[No. 28,197.   Filed October 18, 1946.]

*Floyd L. Young,* of Vincennes, and *Forrest P. Jones,* of Bloomington, for appellant.

*George Earl Huntington, Alfred Evens,* and *Leroy Baker,* all of Bloomington, for appellee.

GILKISON, J.—This *habeas corpus* action was brought by appellant to obtain the care and custody of her infant daughter, Wilma Jean Beachler, aged seven years.

The facts in the case are substantially as follows: The appellant and Wayne Beachler were married February 5, 1938, and two children were born to them, Wilma Jean, being the older, was seven years old in 1945. They were divorced June 19, 1942, and the father was awarded custody of both children. Appellant married her present husband July 25, 1942. Prior to the divorce, appellant, her husband, Wayne Beachler, and the children spent part of the time at the home of the appellee, a sister of Wayne Beachler and aunt of Wilma Jean. After the divorce in February, 1942, Wilma Jean, by the request of her father, Wayne Beachler, began living with appellee, and she has lived there continuously since, except from August 11, 1942, to November 8, 1943, when she lived with appellant. Appellant visited Wilma Jean four or five times at appellee's home between February, 1942, and October 25, 1945, the date of the trial, and gave her a Christmas box in 1943. Appellee has cared for and supported the child at her sole personal expense during the time it has lived with her, except she received a government allotment check on June 12, 1944, and has continued to receive such checks regularly since. Part of the time the checks were $62.00 a month and later $50.00 and appellee sent half the money to the support of the other child. Appellee's evidence showed that Wilma Jean's knees are normal now. She was not normal when appellee first got her;

she was starved; she didn't walk until she was 19 months old. She can run now. The doctor said it was due to the treatment she had had the first two years of her life.

Both appellant and appellee qualified, so far as the opinions of their neighbors show, as proper persons to have the care and custody of the child.

The father, Wayne Beachler, was killed in action in the service of the United States Army near Strausbourg, France, June 29, 1945.

The trial court found for appellee and rendered judgment accordingly. A motion for new trial was denied, and an appeal to this court perfected.

Of course parents if not divorced have the natural right to the custody of their children, and in case either parent dies this right goes to the survivor. § 8-110, Burns' 1933. Even in cases where there is a legal guardian for minors other than a parent, our statute provides, "that the father of such minor (or if there be no father, the mother, if suitable persons respectively) shall have the custody of the person and the control of the education of such minor. § 8-109, Burns' 1933. These statutory provisions are largely declaratory of the common law. *Jones* v. *Darnall* (1885), 103 Ind. 569, 2 N. E. 229; *Orr* v. *State of Indiana* (1919), 70 Ind. App. 242, 255, 123 N. E. 470; *Berkshire* v. *Caley* (1901), 157 Ind. 1, 8, 60 N. E. 696.

However, while these legal rights will always be considered and respected by the courts, they are not absolute rights to be enforced under all conditions. Such rights are secondary and subordinate to the welfare and happiness of the child. Its welfare is the paramount and controlling question to be determined in providing for its custody and control. The law will not allow that either parent can have such an

interest in their child as will conflict with its present or future welfare. To that welfare the claim and personal desire of the parents must yield. *Berkshire* v. *Carey, supra; Bryan* v. *Lyon* (1885), 104 Ind. 227, 233, 3 N. E. 880; *Julian* v. *Julian* (1916), 60 Ind. App. 520, 524, 525, 111 N. E. 196.

The duty of fixing the care and custody of infants when a home is broken by divorce, or otherwise is one of the most vital that comes before trial courts, and one of the most difficult with which they have to deal. No matter for which party the decision may be given, usually much may be said for the rights of the other. The trial court, however, makes its decision after a careful consideration of all the evidence, guided at all times by the paramount consideration—the welfare and happiness of the child.

In this case, when the divorce was granted June 19, 1942, the appellant did not attend the trial. We do not know what the evidence was, but the situation was such that the children, the older being not more than five years old, were placed in the care and custody of the father, who took them to his sister's, the appellee's home to live. Within a little more than a month after the divorce the mother, the appellant, had remarried. There is some evidence that Wilma Jean had not had proper food and care before she went to the home of appellee to live, and that she did not walk until she was 19 months old, and that this was because of poor food and lack of care, but that she is getting better now and is very active.

There were matters which the trial court had before it, along with the other evidence in the case. The trial court had a better opportunity for weighing the evidence and for reaching a proper conclusion than we can have with only the printed pages of

the record before us. It saw the witnesses face to face and heard them testify. It observed their manner and demeanor while on the witness stand, and therefore was better able to determine whether the appellant had sustained the burden of showing that the welfare and happiness of the child required that its care and custody be removed from appellee and given to appellant. *Combs* v. *Gilley* (1941), 219 Ind. 139, 36 N. E. 776; *Duckworth* v. *Duckworth* (1932), 203 Ind. 276, 179 N. E. 773.

The principles of the welfare of the child may be applied to defeat the claims of a parent when the parent has voluntarily relinquished to others the care and custody of the child until the affections of the child and its foster parent have become so interwoven that to sever them would seriously mar and endanger the future happiness and welfare of the child. *Gilmore* v. *Kitson* (1905), 165 Ind. 402, 407, 408, 74 N. E. 1083; *Schleuter* v. *Canatsy* (1897), 148 Ind. 384, 47 N. E. 825.

However, all the questions presented in this case rested upon the exercise of a sound judicial discretion by the trial court rather than upon hard and fast rules of law.

We have carefully examined the evidence disclosed by the record and cannot say that the trial court abused its discretion.

The judgment is therefore affirmed.

NOTE.—Reported in 68 N. E. (2d) 915.