ZILKEY ET AL. *v*. CARTER ET AL.

[No. 28,379.   Filed October 20, 1948.]

*Winslow & Noel,* both of Kokomo, attorneys for appellants.

*Kenneth E. Shockley,* of Kokomo, attorney for appellees.

EMMERT, J.—This appeal is transferred to this court from the Appellate Court under § 4-209, Burns' 1946 Replacement. The only evidence before the trial court was a stipulation of facts, which showed that a certain judgment obtained by Richard F. Zilky, on behalf of himself and all others owning or having an interest in Barrett Law bonds and coupons issued pursuant to Resolution No. 1353 by the Board of Public Works of the City of Kokomo, in Cause No. 21374 in the Howard Circuit Court, under date of November 3, 1943, did not contain the names in detail of the defendants other than the City of Kokomo, Indiana. The judgment was recorded in Judgment Docket No. 27 of the records of said circuit court under the style and heading of *Richard F. Zilky et al.* v. *City of Kokomo, Trustee, et al.,* but such docket did contain a list of the real estate located in the City of Kokomo by lot number and addition, together with the amounts of the judgment against each particular parcel listed thereon; that said judgment was indexed in the Index of Judgments in the front of said Judgment Docket No. 27 and showed the City of Kokomo as judgment debtor, but no other judgment debtors were indexed. Richard Zilky, et al. were indexed at another place as adverse parties. On April 8, 1946, execution was issued and a levy made against the real estate, and the same ad-

vertised for sale at sheriff's sale on June 26, 1946. The judgment was one of foreclosure of the lien of Barrett Law assessments against each of the specified parcels of real estate as set out in the decree, and the judgment was ordered to be satisfied out of the property of the defendants specifically described in the decree. Appellees Roy Lydy and Mildred Lydy were the record owners of Lots No. 5 and No. 6 in Greenlawn Addition to the City of Kokomo by warranty deed under date of February 11, 1946; that the appellee Adam L. Evans was the record owner of lot No. 62 in G. W. Hocker's Addition to the City of Kokomo by quit claim deed under date of May 10, 1945; that appellees Donald L. Young and Eva M. Young were the owners of record of Lot No. 7 in Greenlawn Addition to the City of Kokomo by quit claim deed under date of June 23, 1944; that all of said deeds were duly recorded, but their execution was subsequent to the judgment of November 3, 1943.

The judgment of the trial court perpetually enjoined the sheriff of Howard County and Richard F. Zilky "from seeking or attempting to seek execution of judgment obtained in Cause No. 21374 in the Howard Circuit Court" against the property as above described and from selling or attempting to sell the real estate under the judgment foreclosing the Barrett Law liens of November 3, 1943. From this judgment this appeal is prosecuted. The appellant Overton became sheriff of Howard County after the judgment, and was substituted as party defendant for defendant Stewart as sheriff.

From the record in this appeal it appears that the appellant, Zilky, brought the action to foreclose his lien, and to foreclose the liens of other Barrett Law bondholders under the same assessment roll, against

those in default. The material part of § 48-4406, Burns' 1933 (Supp.), provides:

> ". . . If such city shall fail to collect any unpaid assessment, or instalment thereof, when due, the owner of the bonds issued on account of said assessment, . . . shall have the right to proceed in any court of competent jurisdiction to enforce the lien of such assessment in the same manner as mortgages are foreclosed, recovering interest, penalty, costs and reasonable attorney's fees, and to have the proceeds of the sale applied to his claim. In any such action to foreclose the bondholder shall have the option to declare the entire balance of said assessment due and payable, and may recover such entire balance on behalf of himself, and all other bondholders, on said improvement. . . ."

In *Read* v. *Beczkiewicz, Treasurer* (1939), 215 Ind. 365, 18 N. E. 2d 789, 19 N. E. 2d 465, this court declared: ". . . The effect of the provision that the property shall not sell on foreclosure for less than the amount of the assessment, attorney's fees and costs is to relieve the property owner of personal liability in case of sale of the property on foreclosure." (p. 385.) The finding and judgment is not to be commended for its form or substance, and the record in this case does not contain the entire entry of the court, certain parts being omitted by agreement of counsel. However, there was a general finding for the plaintiffs that the allegations of his complaint were true. Since the Howard Circuit Court was a court of general jurisdiction we must presume, in the absence of anything to the contrary, that the court had jurisdiction of the parties, and even though they were not specifically mentioned in the order book entry as it appears in that part of the finding and judgment in the record in this appeal, the defendants

were bound by the finding and judgment. The City of Kokomo was specifically named, but no issue here is presented as to it.

The appellees assert that the appellants have no lien since they failed to see that the clerk complied with § 2-2520, Burns' 1946 Replacement. The wording of this statute essential to the consideration of this appeal states:

> "The clerk of the circuit court of each county shall keep a judgment docket in which he shall, upon the filing in his office of a statement or transcript of any judgment for the recovery of money or costs, as hereinafter provided, enter and index in alphabetical order a statement of such judgment showing:
>
> "(1) The names, at length, of all the parties, the name of the court, the number of the cause, the book and page of the record wherein the judgment is recorded, and the date of its rendition.
>
> "(2) The amount of the judgment and the amount of costs.
>
> "(3) If the judgment be against several persons, the statement shall be repeated under the name of each judgment debtor in alphabetical order."

Appellees also contend that § 2-2706, Burns' 1946 Replacement, fortifies their position that the lien was lost. This section provides:

> "All final judgments for the recovery of money or costs in the circuit court and other courts of record of general original jurisdiction sitting in the state of Indiana, whether state or federal, shall be a lien upon real estate and chattels real liable to execution in the county where, and only where, such judgment has been duly entered and indexed in the judgment docket as provided by law, from and after the time the same shall have been so entered and indexed, . . ."

The effect of these statutes upon statutory mechanics' liens (§ 43-704, *et seq.*, Burns' 1940 Replacement), and corporation employees' liens (§ 43-301 to § 43-306, Burns' 1940 Replacement), was construed in *Watson* v. *Strohl* (1943), 220 Ind. 672, 46 N. E. 2d 204, and it was therein held that a judgment foreclosing a mechanic's lien did not merge the lien, but that the lien continued notwithstanding the fact that the judgment was not entered on the judgment docket. The court said at page 683:

". . . The judgment in such a case adjudges that the plaintiff has a lien on the particular property and that the property shall be sold to satisfy the lien. There could not be a hiatus in the lien so declared between the time of the entry of the judgment and the time it is entered on the judgment docket, thus giving a third party an opportunity to acquire and assert intervening rights which would destroy the security of such lien. We must conclude that the statute on which the appellant relies is not applicable to judgments enforcing a mechanic's lien, except in so far as such a judgment includes a judgment for the recovery of money or costs and thereby gives a general lien on all of the property of the judgment defendant."

The Barrett Law bondholders' lien was acquired by virtue of the statutes existing at the time the obligations were created, and the provisions of the statute are written into and become a part of the bonds when issued and delivered. *Read* v. *Beczkiewicz, Treasurer, supra.* The lien became a part of the contract and a vested right which could not be impaired. The lien in this case was not a creature of the statute giving a judgment creditor a lien when the statutes concerning docketing and indexing judgments are followed. A foreclosure of the mortgage does not

merge the mortgage lien, but the foreclosure continues the lien. *Lapping et al.* v. *Duffy et al.* (1874), 47 Ind. 51; *Evansville Gas-Light Co.* v. *State, ex rel. Reitz, Auditor* (1881), 73 Ind. 219, 38 Am. Rep. 129; 42 C. J. 163, § 1775.

In view of § 48-4406, Burns' 1933 (Supp.), *supra,* which provides that foreclosure may be had in the case of a mortgage foreclosure, the Barrett Law lien was not merged in the judgment, and it is not lost by the failure to have the judgment docketed and indexed. The decree in this case, as was proper, did not adjudge that the plaintiff in behalf of himself and other bondholders recover of and from any defendant any money, either as principal, interest, attorney's fees or costs. It did determine, in substance, that there was due and owing the plaintiff definite amounts as principal, interest and attorney's fees, which together with the costs were ordered paid out of the proceeds of the sale of the real estate. This was not a "judgment for the recovery of money and costs" which should be docketed and indexed pursuant to § 2-2520 and § 2-2706, Burns' 1946 Replacement, in order to acquire a lien upon the real estate.

Judgment reversed with instructions to the trial court to enter a finding and judgment for appellants.

NOTE.—Reported in 81 N. E. 2d 597.