SCOTT *v.* SCOTT

[No. 28,505. Filed June 14, 1949.]

*Arterburn & Hart,* of Vincennes, for appellant.

*James J. Lewis,* and *Shake & Shake,* all of Vincennes, for appellee.

GILKISON, C. J.—This is a habeas corpus proceeding brought by appellant in which she seeks to recover the

care and custody of her eleven year old son, Morris Ray Scott, from his father, the appellee. The issues are made by the complaint, the return thereto, and the answer to the return.

By the return appellee by proper averments asserts that it is for the best interest of the child that it should remain with him, and he asks that he be awarded its custody. No exception was filed to this return. The first paragraph of appellant's answer to the return is a denial under the rules; the second paragraph avers (1) that the conditions existing when she was awarded the child's custody and care in the divorce actions have not changed, that full faith and credit should be given such judgments rendered by courts in sister states, and (2) that defendant is not a fit person to have the custody of the child, and does not have a proper home for it.

The finding and judgment of the trial court is: That appellant and appellee are each fit persons to have part time custody of the child; that appellee is not holding the child in illegal or wrongful restraint and should be discharged from the writ of habeas corpus; that there has been a change of conditions respecting the child since the divorce of the parties and the order of custody by the court at Reno, Nevada; that appellant recover costs. Judgment was rendered on the finding.

A motion for new trial on the grounds: (1) That the decision of the court is not sustained by sufficient evidence and (2) that the decision of the court is contrary to law, was overruled, and the cause appealed.

The evidence shows that appellant filed an action for divorce and for custody of the child, against appellee, in Superior Court of the State of California, for Solano County, and secured an interlocutory judgment thereon on February 2, 1945, and final judgment thereon on

February 4, 1946, in which judgments she was awarded custody of the son, the court having approved and made a part of its finding and judgment a written agreement of settlement of all the property and other rights of the parties, which had been duly executed and acknowledged by each of the parties on January 18, 1945, and which agreement specified that the wife, now the appellant, should have the care, custody and control of Morris Ray Scott, the minor child of the parties, and the husband, now the appellee, should have the right of visitation at reasonable times. In this action the court had jurisdiction of both parties.

Appellee filed an action for divorce at Reno, Nevada, and such action was had in said cause, that on March 19, 1945, a judgment was rendered granting appellee a divorce and granting appellant the care and custody of the son, by approval and making a part of its finding and judgment the same contract of settlement as approved by the California Court.

After the divorce, part of the time the son lived with appellant at her home in California and went to school there. Part of the time he lived with her parents at Leadville, Missouri, and Liberty Center, Indiana, and went to school at these places. In June, 1948, appellant sent the son by plane from California to Terre Haute, Indiana, that he might go to her parents at Liberty Center, but she was unable to get in touch with her parents over telephone, so she telephoned appellee and asked him to meet the airplane at Terre Haute and look after the son. Appellee went to Terre Haute and met the son; he found the maternal grandparents waiting for the boy there also, and they all went to lunch together. By agreement with the grandparents the boy went home with appellee. Later the boy went to Liberty Center to his maternal grandparents. Both the grand-

father and the boy wrote appellee that the boy would not be back to appellee's home to go to school. Appellee then went to a boy's camp where the boy was vacationing and brought him back to appellee's home and has kept him since, refusing to permit appellant to have his custody and care, upon proper demand being made.

Neither party presents any question respecting the dual proceedings for divorce in California and Nevada. Each rely upon the jurisdiction of each of the courts named to hear and determine their divorce case, and to fix and determine the status of their child. The complaint affirmatively avers that each of the courts at the time had jurisdiction of the parties and the subject matter. No motion to quash the writ was presented in the trial court.

Appellant contends (1) that the decree in the divorce proceeding, fixing the care and custody of the child is conclusive and binding upon all parties until it is set aside or modified by a subsequent or supplemental proceeding in the same cause of action and (2) that such decree may not be set aside or modified by a proceeding in habeas corpus in Indiana.

By Art. 4, § 1 of the Federal Constitution our courts are required to give full faith and credit to judicial proceedings of every other state. By Section 3-1229, Burns' 1946 Replacement, full faith and credit applies to divorce decrees rendered in any state. We must therefore give full faith and credit to the decrees of the California and Nevada Courts divorcing appellant and appellee and providing for and settling the care and custody of their child, to the same extent the courts of those states rendering such decrees are required to give such faith and credit, in the absence of any fraud affecting the jurisdiction in the case.

Section 3-1229, Burns' 1946 Replacement. *Hardin* v. *Hardin* (1907), 168 Ind. 352, 356, 357, 81 N. E. 60, and cases there cited. 50 C. J. S., Collateral Attack, § 889 (e), p. 481; 31 Am. Jur., Recognition under Constitutional and Statutory Provisions, §§ 533, 534, 535, pp. 141, 146; 2 *Lowe's Works' Indiana Practice* 477, § 42.58.

When a divorce case is tried in an Indiana Court having jurisdiction of the subject matter and parties, and the care and custody of the child or children are fixed in the decree rendered, the decree remains binding upon the parties and the courts until it is set aside or modified for cause shown, in a subsequent or supplemental proceeding in the same cause. *State ex rel. Davis* v. *Achor, Judge* (1947), 225 Ind. 319, 75 N. E. 2d 154, 157. Such decree cannot be modified or set aside by a collateral proceeding of habeas corpus even in the same court that rendered the decree, over the objection of either party. *Leming* v. *Sale* (1891), 128 Ind. 317, 27 N. E. 619; *McDonald* v. *Short* (1921), 190 Ind. 338, 343 et seq., 130 N. E. 536; *Stone* v. *Stone* (1902), 158 Ind. 628, 631, 632, 64 N. E. 86; *Willis* v. *Willis* (1905), 165 Ind. 332, 338, 339, 75 N. E. 655; *Brooke* v. *Logan* (1887), 112 Ind. 183, 186, 13 N. E. 669; *Joab et al.* v. *Sheets* (1884), 99 Ind. 328, 331, 332.

The courts granting the divorce decrees each made an order fixing the status of the child in conformance with the written agreement of the parents—the appellant and appellee in the case at bar. That order was made for the child's benefit, and was and still is one which it is entitled to have executed in all its details. It became a binding order upon the parties to the divorce action until modified or set aside by some subsequent or supplemental proceeding in the same

cause. Under our holdings it cannot be reviewed, modified or set aside by a court of coordinate jurisdiction, in the same state in the collateral proceeding of habeas corpus over the objection of either party. *Joab* v. *Sheets, supra,* pages 331, 332; *Sullivan* v. *Learned et ux* (1874), 49 Ind. 252, 253; *Williams* v. *Williams* (1859), 13 Ind. 523, 525 et seq.; *Dubois* v. *Johnson* (1884), 96 Ind. 6, 12; *Willis* v. *Willis, supra,* p. 339; *McDonald* v. *Short, supra,* page 345.

However, it is provided by statute that "Writs of habeas corpus shall be granted in favor of parents, . . . to enforce the rights and for the protection of ■ infants . . . ; and the proceedings shall, . . . conform to the provisions of this statute." Section 3-1903, Burns' 1946 Replacement.

Appellant's proceeding was properly brought under this provision. Apparently she sought to enforce the rights of her child and herself as determined by proper courts in California and Nevada each of which had full jurisdiction of the subject matter and of the parties when the decrees were rendered. By filing her habeas corpus action in the trial court, appellant necessarily submitted to its jurisdiction and to the trial of such issues therein as might be presented lawfully.

There can be no doubt that for many years it was settled law in Indiana that a decree in a proceeding for divorce, fixing and settling the status or custody of a child or children of the parties thereto, was conclusive and binding until modified or set aside by some subsequent or supplemental proceeding in the same cause of action. *McDonald* v. *Short, supra,* page 345; *Hardin* v. *Hardin, supra,* page 359; *Leming* v. *Sale, supra; Joab* v. *Sheets, supra; Sullivan* v. *Learned, supra; Bailey* v. *Schrader* (1870), 34 Ind. 260, 361; *Williams* v. *Williams* (1859), *supra.* See also *Reineke* v. *Northerner*

(1949), 119 Ind. App. —, 84 N. E. 2d 900, 902. This interpretation of the law seems to be quite logical.

But in a later Indiana case it is held:

> "Under the rule of comity among the states, a decree of divorce, awarding the custody of the child of the marriage, must be given full force and effect in other states . . . ." The decree of a court of a sister state, " . . . granting the divorce cannot be attacked in a court in this state in such manner as to affect the divorce decree. That decree is valid in fixing the care and custody of the child under the circumstances then existing, and cannot be changed or modified by the court of a sister state, in the absence of fraud, *unless and until conditions are presented to the court of the sister state which show that it would be for the best interests of the child to modify the decree."* (Our italics)

*White* v. *White* (1938), 214 Ind. 405, 410, 15 N. E. 2d 86.

In the matter of the decree for custody of the children, the court, as *parens patriae,* has a continuing jurisdiction and upon a proper showing, may modify its decree at any time during the minority of the children in the interest of their welfare. *Duckworth* v. *Duckworth* (1932), 203 Ind. 276, 281, 179 N. E. 773; *Zirkle* v. *Zirkle* (1930), 202 Ind. 129, 132, 172 N. E. 192; *Rager* v. *Rager* (1943), 222 Ind. 443, 447, 54 N. E. 2d 261; *Manners* v. *State* (1936), 210 Ind. 648, 650, 5 N. E. 2d 300; *Finlay* v. *Finlay* (1925), 240 N. Y. 429, 148 N. E. 624, 40 A. L. R. 937, 940.

As the issues were joined in the case at bar clearly an attempt was made by appellee to show a change of conditions with respect to custody, since the original judgment was rendered. By her answer to the return, appellant joined issue on this proposition. The question before us therefore is, whether in this situation the court was authorized to decide this particular issue.

Under such circumstances it seems to be the rule in Indiana that in a habeas corpus action when it is shown that a change in conditions has occurred since the original judgment awarding custody of children in a divorce proceeding was rendered in a sister state, it is a duty of the court of the forum to consider such changed conditions in determining that which is for the best interest of the children if the court of the state rendering the decree could do so. The strict legal rights of the parents, under such conditions must yield to the welfare of the children. *Weber* v. *Redding* (1928), 200 Ind. 448, 455, 163 N. E. 269; *White* v. *White, supra; Combs* v. *Gilley* (1941), 219 Ind. 139, 145, 36 N. E. 2d 776; *Duckworth* v. *Duckworth, supra,* p. 281; *Johnson* v. *Smith* (1931), 203 Ind. 214, 219, 176 N. E. 705; *Gilmore* v. *Kitson* (1905), 165 Ind. 402, 407, 74 N. E. 1083; *Hussey* v. *Whiting* (1896), 145 Ind. 580, 582, 44 N. E. 639; *Brown* v. *Beachler* (1946), 224 Ind. 477, 68 N. E. 2d 915. See also *State of New York ex rel. Halvey* v. *Halvey* (1946), 330 U. S. 610, 91 L. Ed. 1133. For an exhaustive annotation, see 160 A. L. R., Changed Circumstances, IV, p. 408; *Sampsell* v. *Superior Court* (1948), 32 Cal. 2d 763, 197 P. 2d 739, 749, 750; *Finlay* v. *Finlay, supra,* N. Y., page 431, N. E., page 621, A. L. R., page 938.

The writ of habeas corpus shall be directed to the party having the person under restraint commanding him to have such person before the court or judge, at such time and place as the court or judge shall direct, *to do and receive what shall be ordered concerning him.* Section 3-1907, Burns' 1946 Replacement. It has been held consistently by this court that a return as commanded by the writ of habeas corpus is effective to place the child in the custody of the court subject to its disposition with unlimited

406

power as to custody, guided only by the child's welfare and best interest. *Johnson* v. *Smith, supra,* page 219; *Mesmer* v. *England* (1926), 197 Ind. 700, 702, 151 N. E. 826; *Bullock* v. *Robertson* (1902), 160 Ind. 521, 522, 65 N. E. 5; *Glansman* v. *Ledbetter* (1921), 190 Ind. 505, 516, 130 N. E. 230; *Buck, Gdn.* v. *Squires* (1924), 194 Ind. 112, 116, 142 N. E. 7; *Berkshire* v. *Caley* (1901), 157 Ind. 1, 7, 60 N. E. 696; *In re Perry* (1925), 83 Ind. App. 456, 467, 148 N. E. 163.

While appellant's legal right to the care and custody of the child in question at the time the suit was filed is sustained by the pleadings and the evidence, it was still the duty of the trial court to determine, from the changed situation shown by the evidence, if any, to whom the care and custody of the child should now be awarded, guided only by the paramount consideration—the future welfare and happiness of the child.

While the evidence supporting the judgment is weak, and the fitness of the appellant to continue the care and custody remains unquestioned, there is some evidence to support the court's finding and judgment with respect to a change of conditions on the part of appellee. This evidence was for the trial court in its judicial discretion to weigh and pass upon. This it has done. We cannot say it has abused its discretion and in such a situation cannot say the trial court has erred.

Finding no reversible error the cause is affirmed.

NOTE.—Reported in 86 N. E. 2d 533.