BEACH ET AL. *v.* LEROY ET AL.

[No. 28,607. Filed February 2, 1950.]

*H. Wayne Baker,* of Bedford, for appellants.

*Mellen & Mellen,* of Bedford, for appellees.

GILKISON, J.—On August 12, 1948 appellants, the mother and stepfather, filed their verified petition for writ of habeas corpus in the Lawrence Circuit Court, seeking to obtain the care and custody of an infant child, Elizabeth Sue Leroy, from appellees, her paternal grandparents. A writ of habeas corpus was duly issued on said date and was served by the sheriff of Lawrence County on appellees on August 17, 1948. Appellees appeared and were given until September 13, 1948 in which to file a return to the writ. On September 10, 1948, appellees filed their verified return to the writ, which appellants answered by general denial.

The cause was tried by the court on April 7th and 8th, 1949, and the cause was taken under advisement until April 19, 1949, at which time the court found against appellants in favor of appellees, that the best interest and general welfare of the child will be best served by placing her custody with the grandparents, the appellees, with rights to the mother to visit the

child, and to have it visit her at reasonable times. Judgment was rendered accordingly.

Appellants' motion for new trial was overruled, and the appeal was perfected. The error assigned is that the court erred in overruling the motion for new trial.

That part of the motion for new trial not expressly waived by appellants is that the decision is not sustained by sufficient evidence, and is contrary to law.

The evidence reveals substantially the following facts. On November 24, 1939, Elizabeth Sue Leroy was born to Abe Leroy and Ruby Leroy, husband and wife. Abe Leroy was killed in an accident September 4, 1943. In June, 1944 his widow, Ruby Leroy, brought the child, Elizabeth Sue, to the appellees, who are her paternal grandparents, and she has resided with and has been supported by them continuously since that time, except for occasional visits with her mother and one occasion when her mother went to the school and took the child away with her.

So far as shown by the evidence these grandparents have no living children and they are fully capable financially and otherwise to rear, care for, and educate the child, and that they greatly wish to do so.

On May 7, 1947 Ruby Leroy was married to her co-appellant, Amos Beach. She has another child now, and the evidence indicates that she and her husband are likewise now capable financially and otherwise to rear, care for and educate the child, Elizabeth Sue Leroy, and they greatly desire to do so.

There was some evidence also of some indiscreet conduct of the mother, appellant; there was also some evidence of indiscreet conduct on the part of the grandfather, appellee. We do not deem either of these indiscretions of sufficient importance to recite them here.

If not divorced, parents have the natural right to the custody of their children, and when either parent

dies this right goes to the survivor. Sections 8-110, 8-109, Burns' 1933. These statutes are largely declaratory of the Common Law. *Brown* v. *Beachler* (1946), 224 Ind. 477, 480, 68 N. E. 2d 915, 916; *Gilchrist* v. *Gilchrist* (1947), 225 Ind. 367, 371, 75 N. E. 2d 417; *Orr* v. *State* (1919), 70 Ind. App. 242, 255, 123 N. E. 470; *Berkshire* v. *Caley* (1901), 157 Ind. 1, 8, 60 N. E. 696; *Schleuter* v. *Canatsy et al.* (1897), 148 Ind. 384, 388, 47 N. E. 825; *Jones* v. *Darnall* (1885), 103 Ind. 569, 572, 2 N. E. 229, 53 Am. Rep. 545.

These legal rights will always be considered and respected by the courts, but they are not absolute. They are secondary and subordinate to the welfare and happiness of the child. The law will not allow that either parent may have such an interest in their child as will conflict with its present or future welfare. *Brown* v. *Beachler* (1946), 224 Ind. 477, 480, *supra; Gilchrist* v. *Gilchrist* (1947), 225 Ind. 367, 371, *supra; Duckworth* v. *Duckworth* (1932), 203 Ind. 276, 282, 179 N. E. 773; *Berkshire* v. *Caley* (1901), 157 Ind. 1, 7, 60 N. E. 696, *supra; Schleuter* v. *Canatsy et al.* (1897), 148 Ind. 384, 388, *supra; Hussey* v. *Whiting* (1896), 145 Ind. 580, 582, 44 N. E. 639; *Bryan* v. *Lyon et al.* (1885), 104 Ind. 227, 233, 3 N. E. 880, 54 Am. Rep. 309; *Jones et ux.* v. *Darnall* (1885), 103 Ind. 569, 574, 2 N. E. 229, *supra; Joab et al.* v. *Sheets* (1884), 99 Ind. 328, 331; *Julian* v. *Julian* (1916), 60 Ind. App. 520, 525, 111 N. E. 196. See also *Scott* v. *Scott* (1949), 226 Ind. 396, 86 N. E. 2d 533.

When interested parties contend for their rights in the custody of a child a difficult matter is posed for the courts. The situation presents a vital question and upon its reasonably correct solution the future safety, character, happiness and usefulness of a human life may depend. Judges to whom the

question is presented realize the weight and importance of the decision they must make. In the end they must use the highest judgment with which they are endowed in determining the question at the time and under the evidence presented. In other words they must exercise a sound discretion in its determination, having in view always that which is best for the present and future welfare and happiness of the child.

The principles of the welfare of the child may be applied to defeat the claim of a parent when the parent has voluntarily relinquished to others the care and custody of the child until the affections of the child and its foster parents have become so interwoven that to sever them would seriously mar and endanger the future welfare and happiness of the child. *Brown* v. *Beachler* (1946), 224 Ind. 477, 482, *supra;* See also *Gilmore* v. *Kitson* (1905), 165 Ind. 402, 407 and cited cases, 74 N. E. 1083; *Combs* v. *Gilley* (1941), 219 Ind. 139, 36 N. E. 2d 776, *supra; Duckworth* v. *Duckworth* (1932), 203 Ind. 276, 285, *supra; Luellen* v. *Younger* (1924), 194 Ind. 411, 416, 143 N. E. 163.

Appellant recognizes that in the matter of fixing the care and custody of an infant, the finding and judgment of the trial court is conclusive unless from the record it appears that the trial court has abused its discretion. This we approve as a correct statement of the law. *Brown* v. *Beachler* (1946), 224 Ind. 477, 482, *supra; Gilchrist* v. *Gilchrist* (1947), 225 Ind. 367, 372, *supra; Combs* v. *Gilley,* (1941), 219 Ind. 139, 148, *supra.*

It does not follow that because the appellant mother is now a fit person, and that she is now financially able and naturally and materially equipped to have the care and custody of the infant child, that the judgment must be for her. There are many

other things incident to the life-history, and the disposition of the child in question, and to the home life and dispositions of the contending parties, their relations to one another, and even to the neighborhood in which they live and many other things that the courts must consider in fixing the present care and custody of the child. These matters were all before the trial court to assist it in making its finding and judgment.

This child has been fortunate in having grandparents who love her. She is fortunate in having a mother who also loves her. She cannot live at both homes. The trial court very properly made provisions for the mother to visit her child and for the child to visit its mother at proper times.

From the record we are unable to say there was any abuse of discretion by the trial court. *Scott* v. *Scott* (1949), 226 Ind. 396, 86 N. E. 2d 533, 537, *supra.* The judgment is, therefore, affirmed.

NOTE.—Reported in 89 N. E. 2d 912.