ADAMS *v.* PURTLEBAUGH.

[No. 28,712. Filed December 21, 1951. Rehearing overruled January 25, 1952.]

---

[1] See Right to be Confronted by Witnesses, 14 Am. Jur., Criminal Law, p. 888.

*Len E. Bunger, Jr.; George W. Henley* (of counsel), both of Bloomington, for appellant.

*Mellen and Mellen,* of Bedford, and *LeRoy Baker,* of Bloomington, for appellee.

GILKISON, C.J.—The record shows that appellant and appellee were married April 25, 1942. The child whose custody is in question was born August 11, 1943. The parties were divorced on October 1, 1945 on the petition of appellant. During the pendency of the divorce

petition appellant filed his verified petition setting forth that he was on a limited furlough from the United States Army and asking that the court fix a date for the hearing of his petition to fix the custody of the child pending the litigation. On June 13, 1945 both parties appeared in person and by attorney and the petition for temporary custody of the child by agreement of the parties, was given to Grace Adams, its paternal grandmother until the trial of the action. Upon trial, October 1, 1945, an absolute divorce was granted appellant, and the care and custody of the child was given to Grace Adams, its paternal grandmother, until the further order of the court.

A petition for modification of the custody order in the divorce judgment, filed by the appellee in this case, by giving the care and custody of the child to appellee, was heard and determined by Sylvan W. Tackitt, Special Judge of the Monroe Circuit Court on April 12, 1947. The finding and judgment was against appellee on her petition, and continuing the care and custody of the child in Grace Adams, its paternal grandmother.

On September 8, 1947, appellee filed her petition for modification of the care and custody order, charging appellant and his mother, the legal custodian of the child, with contempt of the court's order, and asking that she be given the care and custody of the child and all other and proper relief in the premises. On November 20, 1947, petitioner's attorney withdrew from the case and the matter was "dropped from the docket."

On January 11, 1949, appellee by new attorneys, filed her verified petition to "redocket said cause"; to restrain Grace Adams, its legal custodian from taking the child out of Monroe County, and for an order against the plaintiff and Grace Adams, requiring them to live up to and carry out the existing judgment and

decree; and to show cause why they should not be punished for contempt for failing to obey the judgment and decree; and for an order changing the custody of the child to appellee. The record does not disclose that any action was ever taken by the court on the motion to redocket the petition. However, it does show a trial of the petition by special judge, Edwin B. Long, who rendered his finding and judgment on July 11, 1950. The first being that "Grace Adams is not in contempt of court as alleged in the petition." No finding or judgment was made as to whether there had been any change in conditions with respect to the child or the parties since the original judgment was entered or since it was modified by the special judge who heard the first petition on April 12, 1947. However, the special judge made a general order with respect to the care and custody of the child as though the whole matter was before him as in the original trial of the divorce case. But of course without the evidence heard in that case, this was error. The only question being whether there had been a change in conditions since the last hearing so vital as to make it necessary for the welfare of the child, that there be a change of custody.

It will be noted that appellee's former petition for custody change was ruled upon by the court on April 12, 1947 and the petition now before us was filed September 8, 1947, so that any change in conditions cognizable under the instant petition must have occurred in the five months period from April 12, 1947 to September 8, 1947. This petition cannot be aided, amended or supplemented by averments in the motion to redocket the cause, filed in the trial court on January 11, 1949. When the cause was redocketed, appellant's petition filed September 8, 1947 was a pending petition. It was not withdrawn or dismissed. Another petition for change of custody could not be filed or considered so

long as that petition remained pending. We must, therefore, consider the trial had as being a trial of that petition.

The cause relied upon in this petition to justify the modification of the decree must be that since the last order there has been a change in conditions of such a decisive character as to make it necessary for the welfare and happiness of the child that the requested change in care and custody be made. If such a vital change in conditions is not averred and not shown by the evidence and found by the court, no change in care and custody can be made. *Brown* v. *Beachler* (1946), 224 Ind. 477, 68 N. E. 2d 915; *Scott* v. *Scott* (1949), 227 Ind. 396, 86 N. E. 2d 533; *Reineke* v. *Northerner* (1949), 119 Ind. App. 539, 546, 84 N. E. 2d 900; *White v. White* (1938), 214 Ind. 405, 410, 15 N. E. 2d 86. The action of the trial court reviewing the original custody judgment or that judgment as it had been amended is error.

When the divorce case was tried it was a duty of the trial court by proper judgment to fix the status of the child of the parties, prescribing the details of its custody. This part of the judgment is made for the child's benefit and it (the child) is entitled to have the order specifically executed. Sections 3-1219, 3-1221, 3-1222, Burns' 1946 Replacement. *Joab et al.* v. *Sheets* (1884), 99 Ind. 328, 332; *Scott* v. *Scott* (1949), 227 Ind. 396, 402, 86 N. E. 2d 533, and cases cited, *supra.*

When, as in this case, the care and custody of the child are fixed in the divorce decree rendered, the decree is binding upon the parties and the courts until it is set aside or modified *for cause shown* in a subsequent or supplemental proceeding in the same cause. *Scott* v. *Scott* (1949), 227 Ind. 396, 403, 404, *supra; State ex rel. Davis* v. *Achor,*

*Judge* (1947), 225 Ind. 319, 326, 75 N. E. 2d 154, and cases cited; *White* v. *White* (1938), 214 Ind. 405, 410, 15 N. E. 2d 86, *supra*.

When, as in this case, a petition for change of custody has been filed, presented and acted upon by the court, and there is a finding against the petitioner as to the change of custody but minor changes are made with respect to when the child may visit its parents, the original order as so modified is the effective order in the case.

In the instant petition there is no averment of a change in conditions occurring since the last hearing, of such character as to make it necessary that the care and custody be changed; and no evidence to support a finding that there had been any change in conditions during that period of any kind. It has been a fixed policy of the courts to arrange for custody of children of divorced parents on a basis of permanence to the extent that conditions will permit, providing of course for visiting periods for the parent not having custody. This is on the theory that a permanent residence is best for the welfare and happiness of the child.

When the divorce was granted appellant, he was in the military service in World War Two, and for that reason, was not himself in a position to take care and custody of the child. For some reasons, not shown by the record in this hearing because of the objections of appellee, sustained by the trial court, appellee agreed that the care and custody of the child should be given to Grace Adams, appellant's mother. In view of the liberal allotment privileges given to soldiers by the federal government to support their dependents, these reasons must have been very strong, cogent and influential. The record indicates that these reasons still prevailed when the former

petition for custodial change was heard and determined by the special judge on April 12, 1947. Whatever these reasons may have been, there is nothing either in the petition or the evidence indicating that they have ceased to exist. Until there is such a showing the *status quo* may not be disturbed. *Duckworth* v. *Duckworth* (1932), 203 Ind. 276, 280, 285, 179 N. E. 773; *Luellen* v. *Younger* (1924), 194 Ind. 411, 417, 133 N. E. 495, 143 N. E. 163; *Hussey* v. *Whiting* (1896), 145 Ind. 580, 582, 44 N. E. 639.

This court has always recognized and applied the principle that the welfare and happiness of the child may defeat the claims of a parent when the parent has voluntarily relinquished to others the care and custody of the child until the affections of the child and its foster parent have become so interwoven that to sever them would seriously mar and endanger the future welfare and happiness of the child. *Brown* v. *Beachler* (1946), 224 Ind. 477, 482, 68 N. E. 2d 915, *supra; Gilmore* v. *Kitson* (1905), 165 Ind. 402, 407, 408, 74 N. E. 1083; *Schleuter* v. *Canatsy et al.* (1897), 148 Ind. 384, 47 N. E. 825; *Combs* v. *Gilley et al.* (1941), 219 Ind. 139, 145, 36 N. E. 2d 776; *Duckworth* v. *Duckworth* (1932), 203 Ind. 276, 282, et seq. and cases cited, *supra.*

Appellee insists that no question is presented on appeal because no motion for new trial was filed after the change in the custody order was made. The intrinsic record immediately after reciting the order appealed from and as a part thereof shows that appellant and his mother, Grace Adams, the custodian of the child, "file and present their joint and several motion for a new trial of said hearing on said petition for reason that the finding and order of the court does not sustain as sufficient evidence and is contrary to law.

"The court being advised now overrules said motion for a new trial in all respect and said plaintiff and defendant, Grace Adams jointly and severally except to the ruling of the court . . ."

However, we shall not give the matter of the motion for new trial further attention. It would have been proper to file such a motion and apparently this was done, but we know of no law requiring a motion for new trial, in this kind of proceeding.

For the reasons given the judgment is reversed with instructions to the lower court to enter judgment denying the petition for change of custody, and for costs against petitioner.

NOTE.—Reported in 102 N. E. 2d 499.