MCKAY *v.* CARSTENS ET AL.

[No. 28,881. Filed October 28, 1952.]

*Robert K. Rodibaugh* and *Isadore D. Rosenfeld,* both of South Bend, for appellant.

*Scheer, Scheer & Ettl* and *Harry Taylor,* all of South Bend, for appellees.

DRAPER, J.—On the 2nd day of December, 1949, the appellant was granted a divorce from Jerome Anson, her then husband, in the St. Joseph Circuit Court, and the custody of their child, Larry Lee Anson, now about 5 years of age, was awarded to the appellant.

Since that time, however, she has permitted the child to be kept and cared for by the appellees, who have formed a strong attachment for him. On July 17, 1951, the appellant filed what she designates as a petition for writ of habeas corpus, whereby she sought to regain the custody of said child.

The petition was filed in the St. Joseph Circuit Court under the cause number originally assigned to the divorce case, and it was titled and captioned in the names of the parties to that action. The appellees filed a "return" to said writ and a cross-complaint whereby they sought a judgment against the appellant and Jerome Anson for $1600 for the support and maintenance of said child.

The appellant filed "exceptions" to the return. The cross-complaint seems to have been abandoned, there having been no service, appearance or further pleadings and no finding or judgment thereon. The trial court heard the evidence and awarded custody of said child to the appellees. From that judgment this appeal was taken.

The petition for writ of habeas corpus contains the usual allegations and alleges that the appellant was awarded custody of said child in the decree of divorcement. The return alleges that the appellees have kept the child, without pay except a period of eight weeks, since April 8, 1949; that appellant abandoned the child; has shown little concern for its welfare and has visited the child but rarely; that the appellant is not a fit person to have the care and custody of said child. They request the court to make such orders with reference to the child as are consistent with the best interests of said child and that they be permitted to retain him until further order of the court.

The "exceptions" do not challenge the sufficiency of the return as a matter of law. The instrument consists of an argumentative denial of the allegations of the return, with the further allegation that the appellant is a fit and proper person to have the care, custody and control of said child, and the allegation of facts from which

it might be inferred that the appellees are unfit to have him. No question concerning the legal sufficiency or appropriateness of any pleading was made in any way by anyone.

In its finding the court stated that the writ of habeas corpus was denied; that the petition of the appellees for custody of the child was granted until further order; and the order for $10.00 per week support money (against Jerome Anson) was continued as theretofore entered.

As above stated, the petition for writ of habeas corpus was not filed as an independent action. It was filed in the original divorce action, and was titled and captioned in the names of the parties to said action. The appellant seems to have adopted it as a method for obtaining enforcement, in the divorce action, of the order theretofore entered which awarded to her the custody of the child. The return was obviously a petition to modify that order, and the exceptions joined that issue.

In *Scott* v. *Scott* (1949), 227 Ind. 396, 86 N. E. 2d 533, this court said, citing many authorities, that when a divorce case is tried in an Indiana court having jurisdiction of the subject matter and parties, and the care and custody of a child is fixed in the decree rendered, the decree remains binding upon the parties and the court until it is set aside or modified in a subsequent or supplemental proceeding in the same cause. It cannot be modified by a collateral proceeding of habeas corpus even in the same court that rendered the decree, *over the objection of either party.*

Not only was no objection made to this modification of the order in this proceeding, but the court below and the parties to this litigation all seem to have treated the case to be tried as one in which the questions presented

for decision were (1) whether the existing order awarding custody of the child to the appellant should be enforced or (2) whether it should be modified by awarding the custody of said child to the appellees.

Where parties voluntarily adopt and pursue an unorthodox method of procedure, or agree to some unusual manner in which their rights shall be submitted for determination, they may not be heard to complain, on appeal, that proceedings had in conformity thereto were erroneous. *State ex rel. Cline* v. *Schricker* (1950), 228 Ind. 41, 88 N. E. 2d 746, 89 N. E. 2d 547; *Pokraka et al.* v. *Lummus Co.* (1952), 230 Ind. 523, 104 N. E. 2d 669; *State ex rel. Reiman* v. *Kimmell* (1937), 212 Ind. 639, 10 N. E. 2d 911.

Relying on *State ex rel. Davis* v. *Achor, Judge* (1947), 225 Ind. 319, 75 N. E. 2d 154, the appellant questions the validity of the order because Jerome Anson, the father, had no notice of the hearing. That case holds that notice to the *adverse party* is an essential forerunner to a modification order. We adhere to it. But Jerome Anson was not an adverse party to this proceeding. Although he received no formal notice of the hearing, he did have actual notice and knowledge of it for he personally appeared and testified at the hearing. He made no objection of any kind to the proceedings or to the entry of an order disposing of the custody of the child. As we read the record he has consistently manifested little interest in the welfare of the child. The amount of support he is supposed to pay is not changed and he is not complaining of any action taken by the court. Whether the order appealed from is binding upon him is a question not before us. It is binding upon the parties to this appeal.

It is too late for the appellant to question the suffi-

ciency of the allegations of the return with respect to a change in conditions, though she may and does ■ question the sufficiency of the evidence in that respect to justify the modification of the order, for the court's right to modify the order depends upon present conditions as they have developed and changed from those existing at the time of the original order. *Adams* v. *Purtlebaugh* (1951), 230 Ind. 269, 102 N. E. 2d 499.

The evidence discloses that in February following the divorce the appellant remarried. Two months later she gave birth to a child of the second marriage. She has not had Larry Lee since several months before she was divorced. Her visits to him have been infrequent and irregular. Sometimes there is an interval of one or perhaps two or three months between visits. Larry Lee is not robust and he has been in the hospital on three occasions, on two of which the appellant did not visit him. She intended to visit him on one occasion but instead went to Michigan for some beer. The appellant now lives with her husband and their child in an apartment consisting of kitchen, one bedroom and bath. The appellees own their own two bedroom home and Larry Lee has his own bedroom. He is well cared for and the appellees love him as their own.

The appellant insists that the trial court considered only the fact that appellees' home is more commodious than that of appellant. The court did manifest an interest in that subject, as was proper, but there is nothing in this record to indicate that the court failed to consider other facts and circumstances which properly influence the court's decision in a case of this kind.

In the matter of fixing the care and custody of a child the decision of the trial court is conclusive unless the

record demonstrates that the trial court has abused its discretion. *Beach* v. *Leroy* (1950), 228 Ind. 122, 89 N. E. 2d 912. From the record before us we are unable to say that there was an abuse of discretion here.

We observe that in its order placing the custody of the child in the appellees no provision was made for the appellant to visit the child at reasonable times and places, or for the child to visit the appellant. The appellant makes no complaint about that here. Undoubtedly the subject is one that may hereafter engage the attention of the trial court.

Judgment affirmed.

NOTE.—Reported in 108 N. E. 2d 249.