NOTE.—Reported in 121 N. E. 2d 640.

MAJOR ET AL. *v.* WELCH ET AL.

[No. 29,112. Filed October 27, 1954.]

*Bernard S. Schrager* and *Isadore D. Rosenfeld,* both of South Bend, for appellants.

*Joseph H. Hempling, Peter F. Nemeth* and *Robert E. Zimmerman,* all of South Bend, for appellees.

DRAPER, J.—This habeas corpus action involved the custody of Cathleen Ruth Major, aged twenty months, the child of the appellant Barbara E. Major. It was brought by the appellants, who suffered an adverse decision. They assert that the decision is contrary to law.

The effect of the judgment was to award the custody of the child to the appellees, Albert R. Welch and Mary

Welch, and to deny to the mother, the natural grandparents, or to the brother and sister of the child, aged five and three respectively, the right to visit said child.

Mrs. Welch, one of the appellees, testified that if the custody of the child were awarded to her on condition that the child be permitted to see her brother and sister at proper times, she would not be willing to abide by such order, and if the court should order that the mother could visit the child and the child could visit her mother, she did not think she would abide by such an order since she wanted the child as her own and would tell her when she was old enough that she was adopted.

To withhold from a mother the right to visit her child is to deprive her of a sacred and precious privilege which is recognized by the law. Such right accords with the simple dictates of humanity. "It is the strongest and holiest sentiment of humanity, the freest from selfishness or impurity, and often the last hope of redemption for fallen natures." *Haley* v. *Haley* (1884), 44 Ark. 429. We have intimated our position with regard to the rights of visitation in these cases in several recent decisions. *Beach* v. *Leroy* (1950), 228 Ind. 122, 89 N. E. 2d 912; *McKay* v. *Carstens* (1952), 231 Ind. 252, 108 N. E. 2d 249; *Glass* v. *Bailey* (1954), 233 Ind. 266, 118 N. E. 2d 800.

We think it would serve no useful purpose to recite the evidence. There is abundant evidence from which it could be found that the welfare of the child would best be served by leaving it in the custody of the appellees.

But there is a total absence of any evidence sufficient, in our opinion, to indicate that the privilege of visitation would be in anywise injurious to the child; that it would be in any manner detrimental to its wel-

fare and comfort; or that such privilege would be abused to the injury of the child. The record conveys the impression that the appellees intend, if they keep the child, to so rear her that she does not know her mother, or her brother and sister, but at some day in the future, at a time deemed appropriate to the appellees, to inform her she is an "adopted" child. But this is not an adoption proceeding. There might arise a case involving the custody of a child which would call for such drastic treatment, but we do not believe this is such a case.

Judgment reversed and cause remanded with instructions to sustain appellants' motion for new trial.

Flanagan, C. J., Bobbitt, Emmert and Gilkison, JJ., concur.

NOTE.—Reported in 122 N. E. 2d 79.