RENARD *v.* RENARD.

[No. 18,719.  Filed February 24, 1956.]

*Bernard Landman, Jr., Charles B. Feibleman, Paul R. Schnaitter,* and *Bamberger & Feibleman* (of counsel), all of Indianapolis, for appellant.

*James M. Tucker, James L. Tucker,* and *Tucker & Tucker* (of counsel), of Paoli, *Joseph M. Cooper* and *Cooper, Cooper, Cooper & Cox* (of counsel), of Madison, for appellee.

KENDALL, J.—Appellee was granted a divorce from appellant November, 1951, together with custody of their child, between two and three years of age. The appellant was granted visiting privileges with the child.

In March, 1954, appellant filed petition for modification of the original decree for additional visitation rights, resulting in a finding and judgment for appellee at appellant's cost.

Errors relied upon for reversal are, that the judgment on the petition for modification was contrary to law and that the court abused its discretion in refusing to modify the decree as prayed for.

The question presented is one involving sound judicial discretion rather than a hard and fast rule of law. *Crowe* v. *Crowe* (1946), 116 Ind. App. 534, 65 N. E. 2d 645; *Weber* v. *Redding* (1928), 200 Ind. 448, 163 N. E. 269; *Johnson* v. *Smith* (1931), 203 Ind. 214, 176 N. E. 705; 17 Am. Jur. (Divorce and Separation) §683, p. 517. In matters of this nature, the law is well settled that we should not dis-

turb the judgment of the trial court unless the record discloses a clear and manifest abuse of discretion. We are guided by the same rule of law in the decision of this matter as if the petitioner was having an outright modification of custody of children.

To determine this question requires a review of the evidence most favorable to the appellee.

The appellant was the only witness in his behalf. His testimony was to the effect that he wanted the periods of visitation extended during the summer; for the child to spend alternate Christmas vacations with him, as well as one-half of the summer vacations; that he be permitted to travel outside the State of Indiana with the child; that the appellant had lived in New York City all of his life, was not acquainted with many people in Indiana; was engaged in the dry-cleaning business in that city; that if he were permitted to take the child to New York, he could go on vacations with the child; that his mother and sister would help him care for the child who were seventy-five and forty-five years of age respectively, who likewise lived in an apartment; that he had no objection regarding the welfare of the child during the time that appellee had such custody; that in New York City he maintained a two-room apartment.

The appellee testified that the child was attending first grade in a private school in Indianapolis, and that, in her opinion, it would not be beneficial to the child's welfare to go to New York with appellant; that she was acquainted with appellant's mother and had seen her apartment. She gave testimony in reference to an invitation to appellant on Christmas morning to see the child open his Christmas gifts, but he did not appear, as well as testifying to other occasions where she described his actions and conduct which she

thought would be detrimental to the welfare and happiness of the child.

Petitions for modification, such as this one, may be granted, but such modification must be upon matters arising subsequent to the original decree. As we view appellant's petition, it does not allege facts substantiating a change in conditions since the rendition of the original decree of such a character as to make it necessary to necessitate a change in the original order; neither does the evidence reveal any change in conditions since the granting of the decree other than the increase in age of the child from three to six years of age at the time of hearing. In fact, the petition is void of any allegation forming the basis for proof that the welfare of the child required any change in the original order. The petition does not contain an allegation, neither is there evidence that there has been a change in condition surrounding the child of such a decisive character that makes a change necessary for the benefit of the child. There is a distinction between what the appellant desires for himself and that of what is actually necessary to the best interest of the child, as determined by the trial court.

This court is bound and adheres to the principle of law announced in the case of *Adams* v. *Purtlebaugh* (1951), 230 Ind. 269, 102 N. E. 2d 499, wherein Judge Gilkison, speaking for the Supreme Court, said:

"The cause relied upon in this petition to justify the modification of the decree must be that since the last order there has been a change in conditions of such a decisive character as to make it necessary for the welfare and happiness of the child that the requested change in care and custody be made. If such a vital change in conditions is not averred and not shown by the evidence and found by the court, no change in care and custody

can be made. *Brown* v. *Beachler* (1946), 224 Ind. 477, 68 N. E. 2d 915; *Scott* v. *Scott* (1949), 227 Ind. 396, 86 N. E. 2d 533; *Reineke* v. *Northerner* (1949), 119 Ind. App. 539, 546, 84 N. E. 2d 900; *White* v. *White* (1938), 214 Ind. 405, 410, 15 N. E. 2d 86."

The most that can be said for appellant's testimony is that he would like to take the child on vacation trips; that it was difficult for him to visit the child three days a month on account of the long distance and he made references as to what vacation trips he would like to take.

The trial court had all of these facts before it, and, in considering the age of the child at the time of the hearing, this court cannot, in view of the many decisions of this and the Supreme Court, say that the trial court abused its discretion.

Appellant relies upon the case of *Snow* v. *Snow* (C. A. D. C. 1922), 280 Fed. 1013. We find no fault with that case, and, in fact, it substantiates the case of the trial court in this matter in that it holds the court must exercise its discretion upon sound principles and must not abuse its discretion. There can be no doubt, as that case holds, that the decision of the lower court in awarding custody or granting visitation rights is always subject to judicial review.

We find no Indiana cases where this or the Supreme Court has reversed a trial court for abuse of discretion under such facts and circumstances considering the age of the child as presented here. Neither are any cited by appellant.

The appellant's case is absent of testimony or testimony from which this court could reasonably infer that what appellant wished for and wanted to do would be beneficial to the child's welfare and happiness and especially in view of the fact that

the child was only three years older than at the time of the rendition of the original decree. Notwithstanding the wishes and desires of appellant and the hardships imposed upon him as a result of living in New York City and the child in Indiana, we must recognize the well-established rule of law that the welfare of the child is paramount to the claims of either parent and that its care and custody, as well as visiting privileges, such as prayed for in appellant's petition, should be awarded by the trial court with regard to the best interest of the child. *Cornwell* v. *Cornwell* (1940), 108 Ind. App. 350, 29 N. E. 2d 317; *Lucas* v. *Lucas* (1949), (T. D. 1949), 119 Ind. App. 360, 86 N. E. 2d 300; *Adams* v. *Purtlebaugh, supra; McKay* v. *Carstens* (1952), 231 Ind. 252, 108 N. E. 2d 249; *Beach* v. *Leroy* (1950), 228 Ind. 122, 89 N. E. 2d 912; *Weber* v. *Redding, supra.*

Considering the evidence as a whole, we cannot say that there is any evidence of probative value which would tend to indicate that the trial court misused its discretion in its decision. The trial court can only change or modify a decree of custody of children when the facts presented, by a preponderance of the evidence, show a change of conditions of such a decisive character as in the opinion of the court would warrant the rendition of a change or modification of the decree which would be necessary for the welfare and benefit of the child. In matters such as this, the weight of the evidence was for the trial court who heard the witnesses and observed the parties. Under these facts, it is not shown that there was an abuse of discretion on the part of the trial court as would warrant a reversal of the judgment. *Watkins* v. *Watkins* (1943), 221 Ind. 293, 47 N. E. 2d 606; *Hedrick* v. *Hedrick* (1891), 128 Ind. 522, 26 N. E. 768; *Lucas* v. *Lucas,*

*supra; Crowe* v. *Crowe, supra; Cornwell* v. *Cornwell, supra; Darnall* v. *Mullikin* (1856), 8 Ind. 152; *McKay* v. *Carstens, supra.*

Judgment of the trial court is not contrary to law and is sustained by sufficient evidence. Judgment affirmed.

NOTE.—Reported in 132 N. E. 2d 698.