## HALL v. HALL (RYBAK).

[No. 19,573. Filed October 29, 1962. Rehearing denied November 30, 1962. Transfer denied February 2, 1963.]

*George F. Stevens* and *Stevens & Wampler,* of Plymouth, for appellant.

*Edward Olczak,* of South Bend, for appellee.

MYERS, J.—This is an appeal from an order of the Marshall Circuit Court which modified a divorce decree by changing the custody of two minor children of the parties who were aged seven and five years at the time.

The case originated in St. Joseph County, Indiana, where appellee, then known as Erma Hall, filed a divorce action against appellant, Donovan Mac Hall, asking for an absolute divorce and the custody of their two boys. Appellant filed a cross-petition wherein he asked for an absolute divorce and custody of the children. On change of venue, the cause was taken to the Marshall Circuit Court and submitted for trial before the Judge of that court, being the Hon. Roy Sheneman. On February 3, 1959, a decree of absolute divorce was entered in favor of appellant wherein

he was awarded the care and custody of the children. It is to be noted that there is nothing in the decree wherein appellee was found to be an unfit or improper person to have the custody of her children. The court merely awarded them to appellant, granting appellee permission to see them at reasonable hours each week-end at appellant's home.

Subsequently, appellee filed various petitions to modify the decree, which resulted in an order dated September 19, 1959, changing visitation hours and granting appellee the right to see her children from 9:00 a.m. on Saturdays to 8:00 p.m. on Sundays.

Thereafter, much legal wrangling took place in court between the parties. A change of venue from the Judge was taken, and the Hon. Jack Murray was selected and qualified to hear further proceedings in the cause. Appellee filed an amended application to modify the order of custody on February 17, 1960. Appellant filed an answer to this which, in essence, was a detailed denial of appellee's charges. He stated that there was not such a substantial change in conditions as would justify any alteration of the custody order. He also filed a petition to modify the existing order so that appellee could have the children every other week-end.

The cause was submitted to the Special Judge on the basis of these pleadings and a trial was held. On July 30, 1960, the following findings, conclusion of law and judgment were entered by the Judge:

### "FINDING NO. 1

"That since September 19, 1959, the children of the parties have become emotionally upset by the fact of custody being in the father, the defendant herein, and that their emotional stability will be further endangered by the retention of their custody in the father.

## "FINDING NO. 2

"That since September 19, 1959, the mental condition of the children herein James Hall and Donovan Mac Hall has been adversely affected by the retention of their custody in the defendant, particularly during the school term, but that when custody was in the mother for a short time after September 19, 1959, there appeared to be an improvement in mentality, aptitude and initiative of said children.

## "FINDING NO. 3

"That there has developed a situation whereby supervision of the children involved, and their general care, is left by the defendant with a 74 year old paternal grandmother. This situation by reason of old-age and infirmity of said grandmother has, since September 19th, 1959, proved to be non-conducive to the best interests of the children and has proven wholly unworkable and impractical.

## "FINDING NO. 4

"That the mother, the plaintiff herein, is a fit and proper person to have the care and custody of said children, and has, since September 19, 1959, proven herself to be a proper and fit person to have the care and custody of the minor children of said parties.

## "FINDING NO. 5

"That it is in the best interests of said children that their care, custody and education be ordered placed with the mother, the plaintiff herein, each year during the months of January, February, March, April, May, June, September, October, November and December, and that the father have their custody during the summer vacation months of July and August of each year.

## "FINDING NO. 6

"That it would be more conducive to the stability of any custody order herein that the mother should not be permitted visitation with the children when the father has custody, and that the father should not be permitted visitation with the children when the mother has custody.

## "FINDING NO. 7

"That the defendant should pay plaintiff during the months when the plaintiff has the care and custody of said children the sum of $20.00 weekly for the support of said children and that all support payments should be made to the Clerk of the Marshall Circuit Court.

## "FINDING NO. 8

"That plaintiff's 'Amended Application to Modify the Order of Custody of Children,' heretofore filed herein on February 17, 1960, should be granted in accordance with the Special Findings of Fact set out above.

## "CONCLUSIONS OF LAW

## "CONCLUSION I

"The Law is with the plaintiff.

## "JUDGMENT

"The Court having heretofore this date filed in this cause its special finding of facts, and stated its conclusion of law thereon, and the same having heretofore been duly entered of record this date, Now enters and renders judgment thereon accordingly."

A motion for new trial was timely filed and overruled by the court. This appeal followed.

Appellant's contention is that the trial court abused its discretion in modifying the divorce decree and changing the custody of the children. He claims there is insufficient evidence to support the decision dated July 30, 1960, and that such decision is contrary to law. He asserts that (1) appellee's petition for modification does not aver a change of conditions of such character as to make it necessary to change custody; (2) the evidence indisputably shows no change of conditions between the date of the divorce decree on February 3, 1959, and the decree herein dated July 30, 1960; (3) the court made no

finding of any change of conditions between those dates warranting a change in the care and custody of the two children.

As to the averments in appellee's amended petition for modification, we find that, in substance, she alleged that when the court originally awarded custody of the children to appellant he had indicated that an aunt of his would live with him and take care of the children in his absence; that the aunt resided with appellant for only a short period of time thereafter; that the only person in the home then was appellant's mother who was approximately 74 years of age and physically unable to minister to the needs of the children or to supervise them; that the children were not receiving maternal care, love and affection; that appellee was obliged to have clandestine telephone conversations with them because appellant and his mother did not permit them to talk with her on the telephone; that one child's schoolwork was below average due to want of supervision and assistance at home; that appellant would not let the children visit appellee's mother; that there was constant turmoil involving their custody which was detrimental to their health and emotional stability. She further alleged that she had sufficient quarters to make a comfortable home for them.

We do not find it necessary for a petition to modify a divorce decree such as the one herein to state in so many words that "there was a change of conditions." This court looks to substance and not form. Appellee's allegations in regard to her children's care and custody following the divorce presented to the trial court a statement of facts which substantially indicate a change of conditions since the subsequent decree of September 19, 1959.

In reviewing the evidence, we find that there was a conflict between the testimony of appellee and appellant's witnesses as to the effect upon the children after they had been placed in legal custody of appellant. We cannot weigh this evidence. That most favorable to appellee supports the allegations set forth in appellee's amended application.

As to the court's findings, it seems obvious that they reflect a change of circumstances in appellant's home which affected the children so adversely that the court was justified in basing its ultimate conclusion upon them.

It is well established that the trial court, after a divorce decree has been entered, has continuing jurisdiction over the minor children of the parties. By proper proceedings, it may modify its decree, or any subsequent orders entered thereafter pertaining to the custody and support of such children, "as the circumstances of the parents may require and in order best to serve the interests and welfare of the children involved." *Haag* v. *Haag* (1960), 240 Ind. 291, 298, 163 N. E. 2d 243, 245.

We do not find that the trial court abused its discretion in changing the custody of the children involved herein.

Judgment affirmed.

Cooper, P. J., and Ax and Ryan, JJ., concur.

NOTE.—Reported in 185 N. E. 2d 542. Transfer denied in which Jackson, C. J., dissents, Myers, J., not participating.