MIKELS *v.* MIKELS.

[No. 31,055. Filed July 11, 1967.
Rehearing denied October 11, 1967.]

*Richard E. Kreegar,* of Anderson, for appellant.

*Joan C. Bashaw,* of Anderson, for appellee.

MOTE, J.—We have before us for consideration the trial court's decision and judgment which changed the custody of a minor child from the Appellant to the Appellee, after the hearing on a petition alleging changed conditions.

The only question presented by the appeal is whether such judgment and decree of the trial court was proper, it being asserted that the evidence does not disclose a change of conditions from the time of the decree of divorce and the awarding of custody to Appellant *of such a decisive character as to make it necessary for the welfare and happiness of the child,* employing the exact language as that used in *Adams v. Purtlebaugh* (1951), 230 Ind. 269, 102 N. E. 2d 499, and under the language in the opinion in *Wible* v. *Wible* (1964), 245 Ind. 235, 196 N. E. 2d 571.

Appellant also cites *Brickley* v. *Brickley* (1965), 247 Ind. 201, 210 N. E. 2d 850, wherein the following language was employed:

"It is of course the settled law that for a change of custody to be warranted from that previously ordered by the court there must be a change in conditions from the date of the last order, and the change must be of such a decisive character as to make the same necessary for the welfare and happiness of the child."

We are not critical of the language used in *Brickley* v. *Brickley,* supra, *Wible* v. *Wible,* supra, and *Adams* v. *Purtlebaugh,* supra, indeed, we subscribe thereto; however, in determining the import and the decisive character of the evidence, the trial judge, before whom the parties and the witnesses appeared, is clothed with the obligation and responsibility of evaluation. If there is any evidence, or legitimate inferences therefrom, to support the finding and judgment of the trial court, this Court may not intercede or interfere and exercise or use its judgment as a substitute for that of the trial court.

We find ample, substantial evidence in support of the trial court's order and judgment changing the custody of the minor child of the parties from the Appellant to the Appellee. While we do not regard the evidence as overwhelming, it is enough. This theory is so well supported by such a long line of cases decided by the appellate tribunals of Indiana that it needs no cited authorities in support of same.

Our attention has been called to *Gilchrist* v. *Gilchrist* (1947), 225 Ind. 367, 75 N. E. 2d 417. While this opinion precedes the above referred to and relied upon authorities in point of time, the language therein contained is quite as potent in its application as the day it was written. This Court said:

"The disposition of children presents a delicate and perplexing task which has taxed the wisdom of judges since the day of Solomon. The trial court is better able to arrive at a sound and safe conclusion than can a court of review which has only the cold printed or typed record before it. It is true that the facts in this case are not in great dispute but even where evidentiary facts are admited different in-

ferences and conclusions may be drawn therefrom, and conclusions and judgments may hang upon intangibles and impressions not cognizable to a court of review. The trial court in this case saw the mother and the stepmother and was in better position to weigh the evidence and the inferences therefrom and determine the best interest of the child, and having done so, it is not for us to substitute our judgment for the judgment of the trial court's unless it appear from uncontradicted and undisputed evidence and the only inferences therefrom that the trial court violated its discretion and reached an untenable position. To reverse this case would require us to hold that the trial judge violated sound judicial discretion in reaching his conclusion. This we are unwilling to do."

A motion by Appellee to dismiss the appeal herein is still pending; such motion is now overruled.

Based upon what we have stated herein, we conclude that there is ample, substantial evidence of probative value to sustain the order and judgment of the trial court and that the same is not contrary to law.

Judgment affirmed.

Hunter, C. J. and Arterburn, J., concur.

Jackson, J., dissents with opinion.

Lewis, J., not participating.

JACKSON, J.—I am unable to agree with the majority opinion herein and dissent thereto.

This matter comes to us on an appeal from a petition to modify a decree of divorce by changing the custody of the parties' minor child from the appellant to appellee. The appeal was originally filed in the Appellate Court, which on September 22, 1966, affirmed the judgment of the trial court, and afterwards withdrew that opinion and ordered the cause transferred to this court on or about October 25, 1966, pursuant to the provisions of Acts 1963, ch. 279, § 1, p. 424, § 4-214, Burns' 1966 Cum. Supp.

The questions presented by the appeal boil down to the questions of (1) whether or not the judgment and decree of the trial court is sustained by sufficient evidence, and (2) whether or not the judgment is sufficient to withstand the motion for a new trial.

The judgment, omitting formal parts thereof, reads as follows, to-wit:

"Comes now the Court, and the court having heard the evidence, and being duly advised in the premises finds that plaintiff shall have custody of Brian Todd Mikels beginning July 16, 1965. Defendant is granted visiting privileges on alternate week ends from 10:00 A.M. Saturday until 6:00 P.M. Sunday, beginning the week end of July 24, 1965. On other week ends, the defendant shall have visiting privileges from 4:00 P.M. until 9:00 P.M. on Friday evening. Defendant shall have child during Thanksgiving vacation and on Christmas Eve, on odd numbered years and on Christmas Day during even numbered years. Defendant is ordered to pay the sum of $15.00 per week support for said child through the clerk's office."

The motion for new trial, omitting formal parts and signature reads as follows, to-wit:

"1. The decision of the Court is not sustained by sufficient evidence.

"2. The decision of the Court is contrary to law."

The appellee's motion to modify the original decree of divorce, in part, reads as follows:

"Plaintiff further alleges that conditions have changed since said divorce was granted; that she is now gainfully employed and permanently situated and therefore, entitled to custody of the minor child of the parties, as well as an order for support against the defendant for said child; that a reasonable fee for plaintiff's attorney herein is $50.00".

A careful reading of all the evidence embodied in the transcript of the case at bar discloses only that the appellee, at the time of the hearing on her petition to modify the decree, had

a job in Indianapolis, Indiana, that paid her about $49.00 per week, and at that time lived with her parents at Route 1, Arcadia. There is no evidence of probative value that since the decree there has been a change in conditions of such a decisive character as to make it necessary for the welfare and happiness of the child that the requested change in care and custody be made. There is in fact no evidence, of probative value or otherwise, of such a change.

The appellee, petitioner below, had the burden of proof and was required to produce evidence of probative value of a change in circumstances "of such a decisive character as to make it necessary for the welfare and happiness of the child that the requested change in care and custody be made." *Adams* v. *Purtlebaugh* (1952), 230 Ind. 269, 274, 102 N. E. 2d 499; *Wible* v. *Wible* (1964), 245 Ind. 235, 196 N. E. 2d 571; *Brickley* v. *Brickley* (1965), 247 Ind. 201, 210 N. E. 2d 850.

The failure to produce such evidence required the trial court to sustain the first specification of appellant's motion for a new trial.

The second specification of the motion for new trial reaches a defect in the judgment appealed from and apparent on its face. There is no finding anywhere in the judgment that there has been "a change in conditions of such a decisive character as to make it necessary for the welfare and happiness of the child that the requested change in care and custody be made. If such a vital change in conditions is not averred and not shown by the evidence and found by the court, no change in care and custody can be made." *Adams* v. *Purtlebaugh, supra,* at page 274 and cases cited therein.

In the case at bar the record clearly discloses a total failure of three essential elements necessary to sustain the judgment of the trial court:

1. The petition to modify fails to state a cause of action.

2.   The evidence adduced does not sustain appellee's burden of proof.

3.   The judgment is defective for lack of required finding.

Other questions presented in this appeal relative to the contempt proceedings herein lend weight to the opinion expressed herein, but need not be discussed or considered as the cause should be reversed and remanded to the trial court with instructions to grant appellant's motion for a new trial.

NOTE.—Reported in 228 N. E. 2d 20.