## BOWLES *v.* BOWLES.

[No. 1269S282. Filed August 20, 1970.]

*Albert W. Ewbank,* of Indianapolis, *Lynn O'Neill,* of Logansport, for appellant.

*Nelson J. Becker,* of Logansport, for appellee.

HUNTER, C.J.—This is an appeal brought by appellant, Robert Bowles, Jr., pursuant to Ind. Ann. Stat. § 4-214 (1968 Repl.) which allows for appeals to this court from judgments which deal with the care and custody of minor children. More specifically appellant is appealing from the refusal of the Cass Circuit Court to modify a previous divorce judgment granting custody of his daughter, Sallie Ann Bowles, to his former wife, Ruth Ann Bowles (now Ruth Ann Kirby).

Appellant and appellee Ruth Ann Bowles were married on January 24, 1960. During the said marriage a daughter Sallie Ann was born on August 13, 1960. The parties separated shortly thereafter on November 29, 1960, and were divorced on April 28, 1961. Custody of Sallie Ann was granted to the

appellee by the Cass Circuit Court, which ordered appellant to pay $10.00 per week for her support. Appellant was granted visitation rights one day per week which he has taken advantage of up to the time of the present litigation.

Appellee has remarried twice since her divorce from appellant, first to one Kenneth Michael and next to her present husband, John J. Kirby. She has had one child by each of the two subsequent marriages and is presently living with John Kirby, her three children and two of his children at their home in Logansport, Indiana.

The present controversy between the parties arose upon appellant's filing on July 22, 1969, of a motion to modify the divorce decree between himself and appellee. Appellant alleged in the said motion that since there had occurred a change of conditions with respect to Sallie Ann Bowles since the date of entry of the divorce decree, that he is fit and entitled to obtain custody of her. The pertinent parts of appellant's motion are as follows:

". . . That there has been a change of condition since the date of the entry of said decree in that this plaintiff has remarried to one John James Kirby, and that said minor child has been and is now being mistreated, beat and abused by said John James Kirby, the present husband of the plaintiff herein.

That on the 26th day of June, 1969, said stepfather did beat and brutally assult (sic) and strike said child so as to injure her and to require and necessitate that said child have the care and attention of a physician and that she be treated in Memorial Hospital.

That there is now pending through the local prosecuting attorney's office, an affidavit against the said John James Kirby for such cruelty to Sallie Ann Bowles.

That this affiant is in fear that said child will be further mistreated, and in fact, even in fear for said child's life and physical well-being; that this plaintiff is not a fit and proper person to have the care and custody of said child; and that she does not have a suitable and proper home for said child.

That this affiant is in every way a fit and proper person to have the care and custody of said child; that he has a

suitable and proper home and environment in which to care for and raise said child, and that he believes that it is for the best interest and welfare of said child for her custody to be placed with this affiant, her natural father herein, and that her mother the former plaintiff herein be granted visitation rights, but that she not be permitted to take said child to her home to visit and or to subject said child to such abuse and cruelty, and that the order for the payment of support for said child be set aside.

WHEREFORE defendant prays the Court that the decree heretofore entered in this cause be modified and that he be granted the care and custody of the minor child of the parties, to-wit: Sallie Ann Bowles, born August 13, 1960, and that this plaintiff be granted the right of reasonable visitation with said child, but that plaintiff be ordered not to take said child to her home and or to subject said child to the abuse and mistreatment of her present husband, John James Kirby, and further that the order heretofore entered in this cause for the payment of support be modified and set aside, and together with all other and further proper relief in the premises.

/s/ Robert Bowles

ROBERT BOWLES, DEFENDANT"

A hearing was held on appellant's motion on July 25, 1969, at which a total of eleven witnesses appeared and testified, seven for the petitioner and four for the respondent. Thereafter on July 31, 1969, the Court entered the following judgment:

"Comes now the plaintiff, Ruth Ann Bowles, in person and by her attorney, and comes now the defendant, Robert J. Bowles, Jr., in person and by his attorney, Lynn O'Neill, and the evidence is now submitted by and on behalf of the parties and concluded that the Court being duly advised now finds that the custody of Sallie Ann Bowles, the child of the parties, should be continued with the plaintiff, subject to supervision by the Department of Public Welfare of Cass County, Indiana."

Appellant filed a motion for new trial alleging that the finding and judgment of the Court is contrary to law and is not sustained by sufficient evidence. It is from the overruling of this motion that appellant now appeals.

It is a well-settled rule of law in Indiana that in order to justify the modification of a decree which provides for the custody of a child, there must be a change of conditions since the entering of the decree of such a decisive character as to make it necessary for the welfare and happiness of the child that the change be made. *Adams* v. *Purtlebaugh* (1951), 230 Ind. 269, 102 N. E. 2d 499. There must be averred and proved a vital change of conditions, otherwise no change of custody can be made.

With respect to the nature of the evidence pertinent to the issue of a change of circumstances, this Court stated in *Mikels* v. *Mikels* (1967), 248 Ind. 585, 228 N. E. 2d 20, that:

> ". . . in determining the import and the decisive character of the evidence, the trial judge, before whom the parties and the witnesses appeared, is clothed with the obligation and responsibility of evaluation. If there is any evidence, or legitimate inferences therefrom, to support the finding and judgment of the trial court, this Court may not intercede or interfere and exercise or use its judgment as a substitute for that of the trial court." 228 N. E. 2d at 20.

See also *Brickley* v. *Brickley* (1965), 247 Ind. 201, 210 N. E. 2d 850, and *Wible* v. *Wible* (1964), 245 Ind. 235, 196 N. E. 2d 571.

The only issue presented in this case is whether the judgment of the trial court continuing custody in the appellee, Ruth Ann Kirby, was proper, it being asserted that the evidence discloses a change of circumstances of such a decisive character to necessitate a change for the welfare and happiness of the child. Upon an examination of the evidence in this case we are constrained to hold that the judgment of the trial court is correct.

In the case at bar the asserted change of conditions involved an incident in which the minor child, Sallie Ann Bowles, was allegedly abused by her step-father, John J. Kirby. Ordinarily the cases dealing with modifications of child custody decrees have been based on changes of circumstances respecting the

custodian rather than the minor child. See e.g. *Wible* v. *Wible*, *supra*. Appellant herein bases his motion on the change in treatment of the child rather than on any new evidence relating to the condition of appellee. However we see no reason why such evidence should not be considered fully and why it could not serve as a basis for modifying a custody decree.

A summary of the evidence most favorable to the appellee follows: appellant picked up his daughter Sallie Ann on July 6, 1969, pursuant to his weekly visitation rights. He observed that the girl had numerous black and blue marks across her back and buttocks. Appellant immediately took Sallie Ann to the emergency room of Memorial Hospital at Logansport, Indiana, where she was examined by Dr. Richard Glendenning. The doctor testified at trial that the bruises were one to two days old requiring no treatment nor medical attention of any kind. Appellant's assertion in his motion that the injuries to the child required and necessitated that said child "have the care and attention of a physician and that she be treated at Memorial Hospital" is unsupported by the evidence.

The appellee testified that the "spanking" Sallie Ann received from her stepfather resulted from a disciplinary problem that had developed during the preceeding several weeks. Sallie Ann had been going uninvited into neighbors' homes and in particular, the home of a bachelor named "George". She had repeatedly failed to comply with her parents' instructions forbidding her to do so.

The appellee acknowledged that the particular "spanking" administered by Mr. Kirby was in this instance exceptionally severe, but she assured the Court that it was motivated by their desire that Sallie Ann grow up to be a better person. She further assured the Court that her daughter would not be spanked with a belt again.

It can be inferred from the evidence that the episode in question stemmed from Sallie Ann's conduct over a short period of time. Numerous witnesses testified that the Kirby

household was a clean and friendly one. There was testimony that the children were well-fed, well cared for and happy. Appellant himself testified that in seven years he had seen nothing in the way Sallie Ann was living or in the way she was treated to cause him to file a petition for a change of custody. The Kirby's baby sitter, Betty Lou Cotner, gave testimony as to the cleanliness and well-being of the children. She stated that she saw nothing to indicate that the children were ever mistreated or abused.

Several witnesses testified that Mr. Kirby was a quiet and good man and that the children, including Sallie Ann, liked him. Sallie Ann's performance at school, although not overwhelming, was sufficiently strong to negative, at least to some degree, the implication of harsh and abusive treatment at home.

Finally Sallie Ann herself testified on both direct and cross-examination that she would rather live with her mother than her father. She stated unequivocally that she did not want to leave her mother's home.

As was said by this court in the case of *Gilchrist* v. *Gilchrist* (1947), 225 Ind. 367, 75 N. E. 2d 417:

"The disposition of children presents a delicate and perplexing task which has taxed the wisdom of judges since the day of Solomon. The trial court is better able to arrive at a sound and safe conclusion that can a court of review which has only the cold printed or typed record before it . . . [W]here evidentiary facts are admitted different inferences and conclusions may be drawn therefrom, and conclusions and judgments may hang upon intangibles and impressions not cognizable to a court of review. The trial court . . . was in better position to weigh the evidence and the inferences therefrom and determine the best interest of the child, and having done so, it is not for us to substitute our judgment for the judgment of the trial court's unless it appear from uncontradicted and undisputed evidence and the only inferences therefrom that the trial court violated its discretion and reached an untenable position. To reverse this case would require us to hold that the trial judge violated sound judicial discretion

in reaching his conclusion. This we are unwilling to do." 75 N. E. 2d at 419.

The holding in *Gilchrist* is very *appropos* to the case at bar. We conclude that there is ample substantial evidence of probative value in the record to sustain the order and judgment of the trial court continuing the custody of Sallie Ann in appellee. The judgment therefore is not contrary to law and should be affirmed.

Judgment affirmed.

Arterburn, DeBruler, Givan and Jackson, JJ., concur.

NOTE.—Reported in 261 N. E. 2d 228.