PATRICIA ROSE *v.* CHARLES ROSE.

[No. 970S215. Filed May 18, 1971. No petition for rehearing filed.]

*Frank E. Spencer, Joe L. Tipton,* of Indianapolis, for appellant.

*Charles W. Runnels,* of Indianapolis, for appellee.

PRENTICE, J.—Petitioner (Appellant) was the defendant in the original divorce proceedings in which the decree was rendered May 20, 1969, granting the respondent (Appellee) an absolute divorce and awarding to him custody of the children, ages seven years and four years, for the school year periods and to the petitioner during summer vacation periods.

On October 9, 1969, Petitioner filed a petition to modify the custody order by awarding her full custody. The petition was heard and determined on December 18, 1969. The only evidence presented was on behalf of the petitioner, and it was uncontroverted. In essence, it was as follows:

Since the date of the divorce decree, and while the minor children of the marriage have been in the custody of the appellee, they have been cared for by a sixty-seven year old housekeeper who is hard of hearing, does not see very well, attends to their immediate needs, but shows no maternal affection towards them. The appellant has provided and is maintaining a house in Norwalk, Connecticut, suitable for the care and custody of the children. She has received an inheritance from her grandmother, the amount of which she declined to reveal, and if awarded custody of the children, she would expect to care for them without seeking employment outside the home. The personal appearance of the children, since the divorce, has been clean, although plain and drab. The daughter's winter play coat, in the opinion of the petitioner, was inadequate, and, at her suggestion, had been replaced. The children are listless, somewhat thinner, and appear to have less energy than before. The daughter had been ill, and on two occasions had missed school for periods of one week each. No doctor had been called to attend to her. The respondent's business requires that he be out of town for several days at a time, and on one such business trip he was absent on his son's birthday. The respondent's home is not a particularly happy place, is rather glum and austere, without curtains in the windows, and "messy like". That while the children were in the petitioner's care, subsequent to the divorce, she kept them clean, well dressed, well behaved, in good health, well fed, and in a clean suitable house.

Upon the foregoing evidence, the trial court denied the petition, and the petitioner has appealed to this Court. Petitioner contends that the trial court abused its discretion in denying the petition, and has cited the following cases in

support of that contention. *Gilmore* v. *Kitson* (1905), 165 Ind. 402, 74 N. E. 1083; *Scott* v. *Kell* (1957), 127 Ind. App. 472, 134 N. E. 2d 828; *Mikels* v. *Mikels* (1967), 248 Ind. 585, 228 N. E. 2d 20.

Appellant has not attempted to enlighten us with respect to an analogy of those cases, and we are unable to see their application here. The *Gilmore* case (*supra*) dealt with problems arising between a natural parent and a foster parent and a consideration of the best interest of the child as opposed to the rights of a natural parent. In the *Scott* case (*supra*), the reviewing court affirmed the decision of the trial court, modifying a previous custody order for the best interest of the children, and simply restated the proposition that in determining the question of insufficiency of the evidence, we are permitted to consider only that evidence most favorable to the decision. The *Mikels* case (*supra*) affirmed the lower court's decision changing custody from one natural parent to another upon a finding that there had been a change of condition of such a decisive character as to make a change necessary for the welfare and happiness of the child. In that case, this Court said:

"* * * In determining the import in the decisive character of the evidence, the trial judge, before whom the parties and the witnesses appeared, is clothed with the obligation and responsibility of evaluation. If there is any evidence, or legitimate inference therefrom, to support the finding and judgment of the trial court, this Court may not intercede or interfere and exercise or use its judgment as a substitute for that of the trial court."

In her reply brief, Petitioner has cited the case of *Richardson* v. *Richardson* (1951), 72 Idaho 19, 236 P. 2d 718, wherein the reviewing court reversed the trial court for an abuse of discretion in refusing to change the custody order. Aside from the fact that in that case the custody of the child had essentially devolved upon an elderly person, as to some extent is true in the case at bar, we find no great similarity between that case and the one under consideration.

The law of the *Mikels* case (*supra*) above stated was recently reiterated by this Court in the case of *Huston* v. *Huston* (1971), 256 Ind. 110, 267 N. E. 2d 170.

It is also established law that where modification of a custody decree is sought, the burden is upon the petitioner to allege and prove a substantial and material change in conditions affecting the welfare of the children. *Wible* v. *Wible* (1964), 245 Ind. 235, 196 N. E. 2d 571.

We are not agreeable to holding that the evidence adduced at the trial was such as to require the trial judge to change the custody from the respondent to the petitioner, nor are we of the opinion that the trial judge's decision offends against the principles of any of the cases cited by the petitioner or such other cases as are known to us.

It is true that the environment of the children in question is less than ideal. It is inevitable that this unsatisfactory condition will probably persist. It is also indicated by the testimony of the petitioner that the physical surroundings of the children would be improved if custody were awarded to her. This, however, is not the sole consideration. Reverting to the proposition that in order to justify a change of custody, it is necessary to show a material change in circumstances of such a decisive character as to make the change of custody necessary for the welfare of the children, we must acknowledge that this Court is not in as good a position as the trial court to know the circumstances as they existed at the time the original order was made. There is little in the record to reflect those circumstances. We will take judicial notice, however, that the trial judge was fully cognizant of the circumstances and we are drawn to the transcript wherein the following comments of the trial judge, made at the time of the decision complained of, appear:

"* * * I didn't take your children away from you because I think you are a bad person, but I did feel that you are emotionally unstable, and I'll give you this little bit of advice, which you are free to ignore, but in my judgment, as soon as you put your mind to something that will absorb

your thoughts and keep you busy the better off you are going to be and the better you are going to be able to establish yourself as far as these children are concerned. * * *."

It is apparent that the trial court, at the time of the original custody order, was concerned for the emotional instability of the petitioner. We conclude that it found nothing from the evidence in the hearing upon the petition to modify to remove such concern.

Finding no error, the judgment of the trial court is affirmed.

Arterburn, C.J., Givan, DeBruler and Hunter, JJ., concur.

NOTE.—Reported in 269 N. E. 2d 365.