SARAH PARTRIDGE *v.* HUGH PARTRIDGE.

[No. 1270S293. Filed August 30, 1971.]

*Ralph Hamill, Thomas J. Carroll, Hamill, Price & Carroll,* of Indianapolis, for appellant.

*Henry J. Price, Jon D. Noland, Barnes, Hickam, Pantzer & Boyd,* of Indianapolis, for appellee.

GIVAN, J.—Appellant was granted an absolute divorce from appellee on September 9, 1969. Custody of the parties' minor child was given to the appellant. Appellee was given rights of reasonable visitation.

On April 29, 1970, the appellee filed a motion for an order setting specific visitation rights wherein it was alleged that appellee had accepted a position as assistant professor in the School of Music at Wichita State University, and that he would henceforth be residing in the city of Wichita, Kansas.

Following a hearing the trial court entered the following order:

"IT IS ORDERED that defendant-petitioner Hugh Partridge shall have the right to visit with and have in his temporary custody his minor son Hugh Partridge III from Friday morning, August 7, 1970, to Sunday night, August 9, 1970, and from Friday morning, August 14, 1970, to Friday night, August 21, 1970, with such visitation to take place in Indianapolis, Indiana; and

"IT IS FURTHER ORDERED that the defendant-petitioner Hugh Partridge shall have the right of visitation and temporary custody of his minor son Hugh Partridge III for a period of two weeks after December 25, 1970, and before January 17, 1971, such visitation and custody to take place at Mr. Partridge's residence; and

"IT IS FURTHER ORDERED that the defendant-petitioner Hugh Partridge shall have the right of visitation and temporary custody of his minor son Hugh Partridge III for a period of three weeks during the month of August, 1971, such visitation and custody to take place at Mr. Partridge's residence or such other place as he may be vacationing at that time; and

"IT IS FURTHER ORDERED that defendant-petitioner Hugh Partridge shall have the right of visitation and temporary custody of his minor son Hugh Partridge III for a period of two weeks after December 25, 1971, and prior to January 17, 1972, such visitation to take place at Mr. Partridge's residence; and

"IT IS FURTHER ORDERED that thereafter defendant-petitioner Hugh Partridge shall have the right of visitation and temporary custody of his minor son Hugh Partridge III for a period of two weeks between May 14th and June 7 of each year; for the entire month of August each year; and for a period of two weeks after December 25th and prior to January 17th each year, such visitation to take place at Mr. Partridge's residence; and

"IT IS FURTHER ORDERED that defendant-petitioner Hugh Partridge shall have the right of visitation with his minor son Hugh Partridge III in the place of residence of plaintiff-respondent Sarah Partridge on an occasional basis when petitioner has occasion to be in the vicinity of the residence of plaintiff-respondent Sarah Partridge."

The first question to be determined by this Court is whether or not the action of the trial court was in fact a change of custody or merely a modification of visitation rights. Appellant contends that this Court has jurisdiction of this appeal by virtue of Burns Ind. Stat., 1968 Repl., § 4-214 which reads in part as follows:

> "Hereafter all appeals in appealable cases in the following classes shall be taken directly to the Supreme Court of Indiana, as follows:
>
> * * *
>
> "Fifteenth. All appeals from judgments in which an award is made concerning the permanent care and custody of a minor child or minor children."

Appellee contends that this Court does not have jurisdiction over this appeal maintaining the order of the trial court concerned visitation rights only, and that the above statute does not apply in this case. The decree of the trial court in this case is far more reaching than the mere fixing of visitation rights. At the time of the divorce of the parties both were residing in Indiana, the custody was awarded to the mother with no recitation of any specific time the child was to spend with his father. The father was merely granted reasonable visitation rights.

Later when the father learned he was to be employed by Wichita State University, it then became apparent visitation as previously conducted would be much more difficult and inconvenient. It is, of course, obvious that it would be much more convenient for the father to be able to obtain the child for periods of time which would permit the visitations to occur in Kansas rather than periodic visitation of the father to the home of the child in the custody of his mother. There can be no question but what visitation is a right which should be enjoyed by the parent who does not have the legal custody of the child, and in this case he should be afforded such visitation within all reasonable application of the law so long as this can

be accomplished in keeping with the best interests and the welfare of the child.

The far reaching scope of the order of the trial court which would result ultimately in the child spending eight weeks out of every year in Kansas with his father, is much more than a mere visitation, but in the eyes of this Court constitutes a modification of the custody of the child and in fact places the child in the custody of the father in another jurisdiction for the periods of time recited in the order.

Appellee cites the case of *Patrick* v. *Patrick* (1962), 17 Wis. 2d 434, 117 N. W. 2d 256, for authority that an order allowing one parent to take a child to another state for a stated period of time does not amount to dual custody, but is merely a visitation.

The appellant cites the case of *Heard* v. *Bell* (1968), Tex. Civ. App., 434 S. W. 2d 222, which refers to almost an identical situation as a split custody. The Texas court reasons that the term "visitation" refers to a situation where the custody remains with one parent and that the visiting parent merely visits with the child in its custodial surrounding. When the court order provides for a period of time in which the child is removed to the "visiting" parent's home, such removal constitutes custody for that period of time.

We agree with the reasoning of the Texas court. This is especially true in the case at bar where the court order provides for the child to be removed from the court's jurisdiction and for such a period of time that the father by necessity must assume all custodial responsibilities for the child.

We, therefore, hold that the trial court did in fact modify the custody order originally entered in the divorce decree and did in fact establish dual custody of the child between the parties. Such being the case, we examined the record to determine whether or not there was evidence

upon which the trial court was justified in basing the modification of the custody order. The law in Indiana is well established that any modification of a custody order must be based upon a change of circumstances occurring after the initial order, which renders the contemplated change necessary for the welfare of the child. The burden is on the party seeking the modification of the decree to prove such changes. *Perdue* v. *Perdue* (1970), 254 Ind. 77, 257 N. E. 2d 827, 21 Ind. Dec. 188; *Brickley* v. *Brickley* (1965), 247 Ind. 201, 210 N. E. 2d 850, 6 Ind. Dec. 572; *Wible* v. *Wible* (1964), 245 Ind. 235, 196 N. E. 2d 571, 3 Ind. Dec. 104; *Adams* v. *Purtlebaugh* (1951), 230 Ind. 269, 102 N. E. 2d 499.

In the case at bar the only change of circumstance alleged and established by the evidence is that the father no longer resides in the State of Indiana. Although without any question there is a benefit to the child to be able to visit with his father, there is no evidence in this record to indicate that this three-year-old child will benefit by being removed from his mother's home for periods totalling eight weeks during a calendar year. There is no evidence of any change in the mother's ability to provide proper custody for the child since the entering of the original decree. Looking to the evidence most favorable to the appellee, we find the sole reason for the change of custody was for the convenience and benefit of the appellee. As was stated by this Court in *Wible, supra:*

> "There is reason and logic in such a principle of law. The purpose of such a rule in the law is that the welfare of the children and their custody should not continually be changed, and left uncertain, thus creating instability in the living conditions of the children. It is their welfare—not that of the parents—that should be the primary concern of the trial court." 245 Ind. 235, 241.

We, therefore, hold that there is no evidence in this record showing a change of condition which would warrant a change in the original custodial order of the trial court.

The cause is, therefore, reversed and remanded to the trial

court with directions to expunge its order modifying custody of this child and for its continuing jurisdiction during the minority of this child.

Arterburn, C.J., DeBruler, Hunter and Prentice, JJ., concur.

NOTE.—Reported in 272 N. E. 2d 448.