WILLIAM D. PATTERSON V. MARGARET L. PATTERSON.

[No. 2-773A157. Filed August 28, 1975.]

*Betty L. Shelton*, of Muncie, *Frank E. Spencer*, of Indianapolis, for appellant.

*Perry W. Cross, Dennis, Cross, Raisor, Jordan & Marshall*, of Muncie, for appellee.

WHITE, J.—This is an appeeal from a denial of a post-divorce petition seeking a change in the custody of minor children from the mother to the petitioning father. Finding no abuse of discretion, we affirm.

The evidence is without substantial conflict. The mother re-married shortly after the divorce. Her present husband is unemployed, except for a weekend bartending job. He suffers from phlebitis. She has worked and made the family's living most of the time. They have moved several times, living for a time in Pensacola, Florida, where they took the children with permission of the court. When they returned to Indiana the mother did not immediately notify the father, saying she had lost his unlisted telephone number which she originally obtained by telephoning his mother from Florida when she had to call him concerning his arrearage in support payments. The family of six now lives in a crowded, two-bedroom trailer in a trailer park. They are in poor financial condition and move often. They lost their home by foreclosure. The school age child has been in several schools and has done poorly, but may now be making passing grades.

When the divorce was granted, the father "went into the service." After discharge he returned to the Muncie area and remarried. He and his present wife have no children and live in a large trailer, on a large lot in a trailer court which has a playground, tennis courts, and a swimming pool. He is steadily employed.

At the conclusion of the hearing the trial judge stated:

"According to my understanding of the law pertaining to change of custody and the rules set out by the Supreme Court, whenever the Court changes custody there must be

a change in condition and circumstances which are compelling, urgent and cogent. And the Court would have to speculate a lot of matters here in order to reach conclusions sought to be stated or to expect the Court to arrive at, and there is just not enough to change custody. It will be denied."

On the basis of that statement the appellant-father contends the decision is contrary to law, in that the legal principle on which it is based is erroneous in requiring the change in condition and circumstances to be "urgent". The only custody case which he cites in support of that argument is *Landing* v. *Landing* (1972), 152 Ind. App. 660, 284 N.E.2d 857, 858, from which he quotes the following:

"The modification of an order of child custody must be grounded on the well-being and best interests of the child. An order of child custody must stand so long as the conditions under which the order was made continue to exist. It is not in the best interests of a child of tender years to be made a ball in a legal game of ping pong between litigious parents. However, when it can be shown by the petitioning party that such changes have taken place that the prior order is no longer in the best interests of the child, the prior order must, and should be modified."

*Landing* is a case in which the petitioning party had shown, to the satisfaction of the trial court, "that such changes have taken place that the prior order is no longer in the best interests of the child". The Court of Appeals therefore affirmed, after quoting, as follows, from *Partridge* v. *Partridge* (1971), 257 Ind. 81, 86, 272 N.E.2d 448, 451:

"The law in Indiana is well established that any modification of a custody order must be based upon a change of circumstances occurring after the initial order, which renders the contemplated change necessary for the welfare of the child. The burden is on the party seeking the modification of the decree to prove such changes. *Perdue* v. *Perdue* (1970), 254 Ind. 77, 257 N.E.2d 827, 21 Ind. Dec. 188; *Brickley* v. *Brickley* (1965), 247 Ind. 201, 210 N.E.2d 850, 211 N.E.2d 183, 6 Ind. Dec. 572; *Wible* v. *Wible* (1964), 245 Ind. 235, 196 N.E.2d 571, 3 Ind. Dec. 104; *Adams* v. *Purtlebaugh* (1951), 230 Ind. 269, 102 N.E.2d 499.

\* \* \* \* \*

"As was stated by this Court in *Wible, supra*:

> 'There is reason and logic in such a principle of law. The purpose of such a rule in the law is that the welfare of the children and their custody should not continually be changed, and left uncertain, thus creating instability in the living conditions of the children. It is their welfare—not that of the parents—that should be the primary concern of the trial court.' 245 Ind. 235, 241, 196 N.E.2d 571, 574."

Appellee-mother points to no case, and we have found none, which uses the trial court's precise descriptive phrase (i.e., "compelling, urgent, and cogent") in establishing a standard against which the trial court should weigh the evidence to determine the sufficiency of the change of condition relied on by the party petitioning for a change of custody. On the other hand the appellant-father has failed to demonstrate that in using those particular words the trial judge was not saying in his own words what the Indiana Supreme Court said in *Wible* v. *Wible* (1964), 245 Ind. 235, 239, 196 N.E.2d 571, in these words: "[T]he burden is on the petitioner below, who asks for a modification of a custody order, to allege and also to prove a *substantial* and *material* change in the condition affecting the welfare of the children." (Our emphasis.) Or in *Adams* v. *Purtlebaugh* (1951), 230 Ind. 269, 274, 102 N.E.2d 499, as follows:

> "The cause relied upon in this petition to justify the modification of the decree must be that since the last order there has been *a change* in conditions *of such a decisive character* as to make it necessary for the welfare and happiness of the child that the requested change in care and custody be made. If *such vital change* in conditions is not averred and not shown by the evidence and found by the court, no change in care and custody can be made. (Our emphasis.) *Brown* v. *Beachler* (1946), 224 Ind. 477, 68 N.E.2d 915; *Scott* v. *Scott* (1949), 227 Ind. 396, 86 N.E.2d 533; *Reineke* v. *Northerner* (1949), 119 Ind. App. 539, 546, 84 N.E.2d 900; *White* v. *White* (1938), 214 Ind. 405, 410, 15 N.E.2d 86."

We do not approve of the use of the word "urgent" because it ordinarily implies a necessity for immediacy which is not

among the criteria for modification of custody orders found in the reported cases. However, we are not convinced that the judge's remarks taken as a whole carry that implication. Furthermore, his observations that he "would have to speculate a lot" and that "there is just not enough to change custody" indicate that he was primarily concerned with the probity, or cogency, of the evidence; that in the judge's view, the petitioner had simply not sustained his burden of proof. And whether he had proved his case was a question solely for the trial judge, absent a clear and convincing showing that in resolving the question the judge abused his discretion.

As Judge Buchanan said in his dissenting opinion in *Marshall* v. *Reeves* (1973), Ind. App., 304 N.E.2d 879, 887 (which was adopted as the prevailing opinion in a grant of transfer by the Indiana Supreme Court in *Marshall* v. *Reeves* (1974), 262 Ind. 107, 311 N.E.2d 807, 810):

> "In this state, case after case by our Supreme Court iterates and reiterates the rule of appellate practice that a trial court's decision as to modification of custody rights will be affirmed unless a clear abuse of discretion is demonstrated by the record. Rose v. Rose (1971), 256 Ind. 440, 269 N.E. 2d 365; Bowles v. Bowles (1970), 254 Ind. 536, 261 N.E.2d 228; Winkler v. Winkler (1969), 252 Ind. 136, 246 N.E.2d 375; Mickels v. Mickels [Mikels v. Mikels] (1967), 248 Ind. 585, 228 N.E.2d 20; McKay v. Carstens (1952), 231 Ind. 252, 108 N.E.2d 249; Cox v. Cox (1973), [155] Ind. App. [336], 292 N.E.2d 817 (transfer denied June 8, 1973); Smitley v. Egley (1973), [156] Ind. App. [10], 294 N.E.2d 640; Landing v. Landing (1972), [152] Ind. App. [660], 284 N.E.2d 857; Hall v. Hall (1962), 134 Ind. App. 256, 185 N.E.2d 542; Gatchel v. Gatchel (1961), 132 Ind. App. 56, 175 N.E.2d 887; Renard v. Renard (1956), 126 Ind. App. 245, 132 N.E.2d 278."

Whatever may be said of the remarks made by the trial judge when he denied appellant-father's petition, and whatever effect an appellate court should give to such remarks, they do not demonstrate a clear abuse of discretion. Nor is any abuse of discretion otherwise shown.

As was said in *Brickley* v. *Brickley* (1965), 247 Ind. 201, 204, 210 N.E.2d 850, 852:

> "While we are not able to say the trial judge could not have found otherwise than he did upon the evidence introduced below, this Court as a court of review has heretofore held by a long line of decisions that we are in a poor position to look at a cold transcript of the record, and conclude that the trial judge, who saw the witnesses, observed their demeanor, and scrutinized their testimony as it came from the witness stand, did not properly understand the significance of the evidence, or that he should have found its preponderance or the inferences therefrom to be different from what he did.
>
> "On appeal it is not enough that the evidence might support some other conclusion, but it must positively require the conclusion contended for by appellant before there is a basis for reversal."

Appellant-father also contends that the trial court committed reversible error when he sustained an objection to the question, "Isn't it a fact that you and your present husband had written several bad checks in Hartford City?", asked of the appellee-mother on cross examination. The court's ruling was: "Objection sustained until there is a showing made that it is detrimental to the children." In essence the court was saying that an affirmative answer to that question would not affect his decision. There has been no showing that that attitude toward the relevancy of the question evinces an abuse of discretion which requires a rehearing.

Judgment affirmed.

Sullivan, P.J., and Buchanan, J., concur.

NOTE.—Reported at 333 N.E.2d 115.